212 So.2d 884 (1968)
ESCAMBIA CHEMICAL CORPORATION, a Corporation Authorized to Do Business in Florida, Appellant,
v.
U.S. FIDELITY AND GUARANTY COMPANY, a Corporation Authorized to Do Business in Florida, Appellee.
No. J-501.
District Court of Appeal of Florida. First District.
July 18, 1968.
As Revised on Denial of Rehearing August 27, 1968.
*885 James C. Conner, Jr., of Dye & Joanos, Tallahassee, for appellant.
W.K. Whitfield; Horne, Rhodes & Lamb, Tallahassee, for appellee.
WIGGINTON, Chief Judge.
Appellant brought suit against appellee under F.S. Chapter 86, F.S.A., seeking a judicial declaration of its rights under a comprehensive liability insurance policy issued to it by appellee. From a final judgment rendered in favor of appellee, this appeal is taken.
From the undisputed facts and pleadings disclosed by the record it affirmatively appears that appellant entered into a contract with a customer, by the terms of which it agreed to furnish and apply to a portion of the customer's corn acreage a quantity of liquid nitrogen fertilizer for an agreed price. As an inducement, appellant represented and guaranteed that its product was as effective and would produce the same results as a competitive dry fertilizer. Based upon such representation and inducement the customer entered into the contract with appellant, as a result of which appellant furnished and applied to a part of the customer's farm acreage a liquid fertilizer of the kind called for in the contract. Another portion of the customer's corn acreage was fertilized by the dry type of fertilizer with which appellant's product was represented and guaranteed to be equal in effectiveness. The customer's corn acreage fertilized by appellant's product produced a yield substantially less than comparable acreage fertilized by the competitive dry product of another manufacturer. The customer refused to pay appellant's charges for the liquid fertilizer furnished by it as a result of which appellant commenced suit to recover the amount claimed by it. The customer has counterclaimed against appellant and seeks a judgment representing the damages allegedly suffered by him because of appellant's alleged failure to deliver the product contracted for and capable of fertilizing the customer's corn to the extent and degree of the representations and guarantees allegedly made by appellant as an inducement for the contract. This action is presently pending insofar as the record before us discloses.
Appellant instituted this action for declaratory relief praying for a judgment requiring appellee to defend it against the counterclaim filed by its customer and claiming that the damages suffered by its customer constituted a loss or damage for which appellant is entitled to indemnity from appellee under the property damage liability clause of the insurance policy issued to it, which provision is as follows:
"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of real or tangible personal property during the policy period, including the loss of use thereof, resulting from an occurrence."
The word "occurrence" as used in the policy is specified by the terms thereof to mean an unexpected event or happening *886 or a continuous or repeated exposure to conditions provided the Insured did not intend or anticipate that injury to or destruction of real or tangible personal property would result. All exposures to substantially the same general conditions shall be considered as arising out of one occurrence.
The trial court, by the declaratory judgment rendered herein, specifically found and concluded that the cause of action alleged by appellant's customer in its counterclaim filed against appellant is not a loss or occurrence within the meaning and intent of the above-referred-to provision of the liability insurance policy. With this conclusion we agree.
Alternatively, appellant asserts that the loss suffered by its customer for which it is entitled to indemnity falls within the products hazard clause of the insurance policy which is as follows:
"(g) Products Hazard. The term `products hazard' means
"(1) goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, if the accident occurs after possession of such goods or products has been relinquished to others by the Named Insured or by others trading under his name and if such accident occurs away from premises owned, rented or controlled by the Named Insured or on premises for which the classification stated in Division (a) of the declarations excludes any part of the foregoing; provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of others but not sold;
"(2) operations, including any act or omission in connection with operations performed by or on behalf of the Named Insured on the premises or elsewhere and whether or not goods or products are involved in such operations, if the accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the Named Insured; provided, operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be `operations' within the meaning of this paragraph: (a) pick-up or delivery, except from or onto a railroad car, (b) the maintenance of vehicles owned or used by or in behalf of the Insured, (c) the existence of tools, uninstalled equipment and abandoned or unused materials and (d) operations for which the classification stated in Division (a) of the declarations specifically includes completed operations." (Italics supplied.)
It is appellant's contention that the cause of action alleged by its customer in the counterclaim filed against it is based upon the theory that the liquid fertilizer furnished and applied by it was defective as a result of which it failed to produce the anticipated yield which it normally should and would have except for its defective condition. It is upon this premise that appellant insists that its customer's loss resulted from an accident and comes within the products liability clause of the insurance policy.
As we read the counterclaim filed by the customer against appellant it is premised upon the allegations that appellant breached its contract by failing to furnish and apply to the customer's land fertilizer of sufficient strength and potency as to produce the same yield of corn which was produced on comparable acreage fertilized with the competitive type of fertilizer. There is no contention by the customer that the product furnished by appellant was so defective as to injure either the customer's person or property, or that his loss resulted from an accident *887 of any kind or nature. Under these circumstances we agree with the trial court that appellant has failed to clearly demonstrate that its loss falls within the intent or purpose of the products liability clause of the policy sued upon. For the foregoing reasons the judgment appealed herein is hereby affirmed.
JOHNSON and SPECTOR, JJ., concur.