Argued October 8, affirmed December 12, 1975,
petition for rehearing denied January 13, 1976

TEMCO METAL PRODUCTS COMPANY,
*Appellant, v.* ST. PAUL FIRE & MARINE
INSURANCE CO., *Respondent.*

543 P2d 1

*George P. Haley,* Portland, argued the cause for appellant. With him on the briefs was Carney, Haley, Probst & Levak, Portland.

*Gerald R. Hayes,* Portland, argued the cause and filed a brief for respondent.

HOLMAN, J.

This is an action for damages by an insured

against its insurer for breach of a broad form comprehensive general liability insurance policy. The breach was claimed to have occurred when defendant refused to defend an action brought by a third party against the insured. Defendant demurred to plaintiff's complaint upon the basis that it did not state a cause of action. Plaintiff appeals from a judgment for defendant which resulted from the sustaining of the demurrer.

Plaintiff's complaint discloses that in an action brought against it by Fred Meyer, Inc., Meyer sought to recover damages which resulted from its cashing of forged checks which purported to have been issued by plaintiff. The checks had been taken from plaintiff's place of business and its protectograph had been used to imprint the amount of the checks. Meyer claimed plaintiff was negligent in various respects in allowing the checks and the protectograph to come into the possession of the forgers and in failing to notify promptly law enforcement agencies of the loss of the checks. The damage sought to be recovered is the cost to plaintiff of the successful defense against Meyer's claim.[1]

The policy provided for protection to the insured from loss through claims against it for bodily injury and property damage. Property damage was defined by the policy as "injury to or destruction of tangible property." It is plaintiff's basic contention that the payment by Meyer of its money on the forged checks constituted injury to or destruction of Meyer's tangible property and a claim against plaintiff based upon the loss was therefore such a claim as defendant was obligated to defend under its policy of insurance. Plaintiff cites no cases which hold that such pay-

[1] For the case involving this successful defense, see Fred Meyer, Inc. v. Temco Met. Prod., 267 Or 230, 516 P2d 80 (1973).

ment constitutes injury to or destruction of tangible property as contemplated by a standard liability policy. It cites only cases which hold that money has been held to constitute tangible property. We assume that money, in certain contexts, can be considered tangible property and that it is capable of being destroyed. However, we do not believe that paying money out on forged checks constitutes injury to or destruction of it as contemplated by the parties to the policy in question.

We know of no cases directly in point. Defendant cites *State v. Glens Falls Insurance Company, Inc.*, 132 Vt 97, 315 A2d 257 (1974), in which the State of Vermont brought a declaratory judgment to determine its liability carrier's responsibility to defend it against a claim by the owner of transparencies which had been bailed to the state for its use in the publishing of a magazine. The state had not returned them because they had become negligently lost while in the state's possession. Property damage was defined in the policy as "physical injury to or destruction of tangible property." The only distinction from the present policy language was the use of the word "physical." The Vermont court held that loss of the transparencies did not constitute their destruction within the meaning of the policy. We do not attach any particular significance to the addition of the adjective qualifying the "injury" as "physical" since an injury to an inanimate object is ordinarily thought of as some sort of physical damage. The language used by the Vermont court seems appropriate to the present case:

> "The premiums paid to insurance companies are computed on the basis of the probabilities of occurrences coming to pass that are within the insurance coverage. Since the contracts are the drafting product of the companies, their provi-

sions are, quite rightly, construed most strongly against the company in questionable cases. [Citation omitted.] This principle cannot be carried to the point of extending the coverage to make the policy something different than contemplated, however. [Citation omitted.] Where the interpretation urged is not only strained, but would encompass a risk not contemplated by the kind of policy issued nor intended to be undertaken by the company, the insurer is entitled to that fair construction which reflects the understanding of the parties. * * *." 315 A2d at 258.

The judgment of the trial court is affirmed.