Argued and submitted September 24,
affirmed December 10, 1979

GENERAL INSURANCE COMPANY
OF AMERICA,
*Respondent,*
*v.*
WESTERN AMERICAN DEVELOPMENT
COMPANY, INC., et al,
*Appellants.*

(No. 78-1072, CA 13339)

603 P2d 1245

Leslie M. Swanson, Jr., Eugene, argued the cause for appellants. With him on the briefs were Martha W. Reidy and Johnson, Harrang & Mercer, Eugene.

Carrell F. Bradley, Hillsboro, argued the cause for respondent. With him on the brief was Schwenn, Bradley & Batchelor, Hillsboro.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is a declaratory judgment action in which plaintiff, General Insurance Company of America (General Insurance) seeks a determination as to its duty to defend and to indemnify its insured, defendant Western American Development Company, Inc. (Western American). The trial court granted plaintiff's motion for summary judgment and held that General Insurance had no duty to defend Western American. We affirm.

This dispute between insurer and insured arose out of the sale of certain mobile home lots by Western American and one of its officers, Alfred Allen. As a result of these sales, five separate actions against defendants, Western American and Allen, were filed by purchasers of the lots. The complaints alleged that the defendants knowingly or recklessly misrepresented the nature and extent of an easement held by the United States Army Corps of Engineers. The lots sold by the defendants are adjacent to the Willamette River. The purchasers alleged that, while defendants told them that the Corps of Engineers had an easement along the river front, the defendants did not tell the purchasers that the Corps also had an easement to come onto the lots to repair and maintain the revetment along the bank of the river.

The purchasers asserted that they reasonably relied on the defendants' misrepresentations, that they then purchased the lots, and that they were injured because, due to the easement allowing the Corps to come onto the lots, the lots were worth less than they had anticipated. Some of the purchasers also claimed that they were forced to move their mobile homes and that, as a result, they incured unexpected moving expenses.

Western American tendered the defense of these actions to General Insurance, which refused the tender.

One of the five actions brought by the purchasers of the lots went to trial, and a verdict was returned

awarding the plaintiff both general and punitive damages. Three of the actions were settled. At the time General Insurance brought the present declaratory judgment action, the fifth case was still pending.

The insurance company's duty to defend is determined by comparing the terms of the insurance policy with the allegations in the underlying damage complaints. *Farris v. U. S. Fidelity & Guaranty,* 273 Or 628, 635, 542 P2d 1031 (1975); *Macdonald v. United Pacific Ins. Co.,* 210 Or 395, 311 P2d 425 (1957).

The pertinent portions of the insurance policy are as follows:

" * * * [T]he company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or *property damage to which this insurance applies caused by an occurrence.* The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient.

"* * * * *

" ' Occurrence' means an event including continuous or repeated exposure to conditions which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

" 'Property Damages' means (a) physical injury to or destruction of tangible property which occurs during the policy period including the loss of use thereof at any time resulting therefrom or (b) *loss of use of tangible property* which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." (Emphasis supplied.)

General Insurance presents a variety of arguments, including public policy, in support of its position that it had no duty to defend its insured against the complaints filed by the purchasers. However, we need reach only one of the contentions. We agree with the

[674]

insurer's argument that the damages claimed by the purchasers are not equivalent to the "loss of use of tangible property * * *."

Neither party has cited us to, nor have we found any cases directly in point. However, in *Temco v. St. Paul Fire & Marine,* 273 Or 716, 543 P2d 1 (1975), the court held that the payment of money on forged checks did not constitute injury to or the destruction of tangible property. *See also B & L Furniture v. Transamerica Ins.,* 257 Or 548, 480 P2d 711 (1971).

In *Hartford Accident & Ind. Co. v. Case Foundation Co.,* 10 Ill App 3d 115, 294 NE2d 7 (1973), the court concluded that suing for injury to or destruction of investments and anticipated profits did not amount to alleging the loss of use of tangible property.

Here the purchasers claim only that the property which they bought was worth less than they expected, and that, in some cases, they had to pay unexpected moving expenses. These are not allegations of the "loss of use of tangible property."

Affirmed.