384 So.2d 256 (1980)
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
MAYOR's JEWELERS of POMPANO, INC., Mayor's Jewelers of Dadeland, Inc., Mayor's Jewelers of Hollywood, Inc., and Albert Glass Company, Inc., Appellees.
No. 77-1818.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
*257 Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellant.
Carey M. Fischer of Ferrero, Middlebrooks & Strickland, Fort Lauderdale, for appellee, Mayor's Jewelers of Pompano, Inc.
Victor H. Womack of Magill, Sevier & Reid, P.A., Miami, for appellee, Albert Glass Co., Inc.
MOORE, Judge.
Mayor's Jewelers of Pompano Beach, Inc. suffered a loss of valuable jewelry when an unknown thief entered its building by breaking a plate glass window. Investigation revealed that "riot glass" had not been installed originally as required by contract with Albert Glass Company, Inc. Mayors sued Albert Glass for breach of contract, negligence and breach of implied warranty. After Albert Glass filed a third party complaint against its insurer, United States Fidelity & Guaranty Company (USF&G), Mayors joined USF&G as a direct defendant.
USF&G denied coverage for the damages allegedly sustained by Mayors. The case was severed and a non-jury trial was conducted only on the coverage issue. USF&G now appeals the final judgment determining coverage for the negligence and breach of implied warranty counts. We affirm.
In its complaint, Mayors sought recovery for theft of the jewelry, loss of business profits, loss of goodwill, expense of repair to the broken windows, expense of reinstallation of riot glass and the cost of litigation. Agreeing that it insures Albert Glass for "property damage" sustained by another for which Albert Glass is liable, USF&G contends that the elements of damage claimed by Mayors are not encompassed in the term "property damage" as that term is used in its policy. It also contends that its insurance coverage does not apply to the facts of this case pursuant to various policy exclusions.
The policy provides:
The company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of
A. Bodily injury or
B. Property damage
to which this insurance applies, caused by an occurrence... .
It defines "occurrence" as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the Insured". It further defines "property damage" as "injury to or destruction of tangible property".
Initially, USF&G argues the theft of jewelry is not "injury to or destruction of tangible property". Neither we nor appellant have been able to discover any Florida law construing the same or similar policy provisions under analogous facts. Although appellant has cited numerous cases from other jurisdictions none is persuasive and each is *258 factually distinguishable. In State v. Glens Falls Insurance Co., 132 Vt. 97, 315 A.2d 257 (1974), the Court held that the loss of certain photographic transparencies by the insured was not a physical injury to or destruction of tangible property. In Johnston v. Tally Ho, Inc., 303 A.2d 677 (Del. Super. Ct. 1973), loss of commissions and injury to reputation were held not to be tangible property damage. The court in Hartford Accident & Indemnity Co. v. Case Foundation Co., 10 Ill. App.3d 115, 294 N.E.2d 7 (1973) held that investments, anticipated profits and financial interests are not tangible property. None of the cases cited by appellant is persuasive.
"Injury" is defined as: "Any wrong or damage done to another, either in his person, rights, reputation, or property", and "an act which damages, harms or hurts". Black's Law Dictionary, Fourth Edition. Certainly Mayors suffered the ultimate injury to its property when a thief stole the property.
We are persuaded by the opinion of the Court in Pittway Corp. v. American Motorists Ins. Co., 56 Ill. App.3d 338, 13 Ill. Dec. 244, 370 N.E.2d 1271 (1971) which held that property is damaged to the extent that its market value is diminished. As here, the property was not physically damaged but was rendered totally useless. When property is stolen, its market value to the one who lawfully possessed it is totally diminished. We therefore hold that theft of personal property is "property damage" unless a contrary intent is clearly expressed. If, as USF&G maintains, property is damaged only when it suffers actual, physical damage, it would have been relatively simple to include the word "physical" in its definition. As conceded by appellant, an ambiguity existing in a policy is construed in favor of the insured and we construe the term here to include loss, disappearance or theft. Thus, there was coverage for the loss of the jewelry (we render no opinion as to the other claimed damages) and the trial court was correct unless one of the exclusionary clauses applied.
We now consider the exclusionary clauses which are:
This insurance does not apply:
* * * * * *
(k) to ... property damage resulting from the failure of the Named Insured's products or work completed by or for the Named Insured to perform the function or serve the purpose intended by the Named Insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any Insured; but this exclusion does not apply to ... property damage resulting from the active malfunctioning of such products or work ...;
(l) to property damage to the Named Insured's products arising out of such products or any part of such products; (m) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; ...
Exclusion (k) can be divided into two parts: the first part being what is commonly referred to as the "business risk" exclusion, and the second part being an exception to the exclusion. USF&G argues that under the facts in this case, coverage is excluded because its insured's product (the glass) failed to perform the function or serve the purpose intended by the insured and there was no active malfunctioning of the glass to bring it within the exception. It concludes that the failure to perform had to arise from a mistake or deficiency in the plans, design or specifications. USF&G overlooks, however, the allegations in the complaint. It is not alleged that the product failed. It is alleged that the insured negligently installed the wrong type of glass. We therefore hold exclusion (k) inapplicable to the facts here.
The other two exclusions, (l) and (m), may well apply to certain of the claimed damages. They would not apply to all of the damages; thus, the applicability of *259 these exclusions is a matter for determination by the trial court at the appropriate time.
We hold the trial court was correct in finding coverage and affirm.
LEWIS B. WHITWORTH, Associate Judge, concurs.
JAMES C. DAUKSCH, JR., Associate Judge, concurs in conclusion only.