419 So.2d 1174 (1982)
OLD REPUBLIC INSURANCE COMPANY, Appellant,
v.
WEST FLAGLER ASSOCIATES, LTD., et al., Appellees.
No. 81-1007.
District Court of Appeal of Florida, Third District.
October 5, 1982.
*1175 Pyszka & Kessler, Greene & Cooper and Joan M. Bolotin and Robyn Greene, Miami, for appellant.
Patton, Kanner, Segal, King & Kubit and Dennis G. King, Miami, for appellees.
Before DANIEL S. PEARSON and FERGUSON, JJ., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
West Flagler Associates, Ltd. is the owner of a greyhound racetrack insured under a general comprehensive liability policy issued by Old Republic Insurance Company. The policy provided liability coverage for property damage claims incurred during the year commencing May 1, 1977.
In July and August 1977, a small group of West Flagler employees allegedly defrauded winning trifecta ticket holders of a portion of their winnings by issuing bogus tickets. The result of this scheme was to diminish the trifecta pool for legitimate ticket holders: the more winning tickets outstanding, the smaller the payoff to bettors. The track employees allegedly skimmed the amounts represented by the bogus tickets.[1]
Three bettors sued West Flagler and its insurer, Old Republic.[2] The suits, later consolidated, sought damages for the difference in the value of the tickets if the trifecta pool had not been rigged as against their value in the rigged pool. The suits did not allege any physical damage to the property, that is, the trifecta tickets.
Old Republic asserted that the policy it issued to West Flagler did not cover the claims for which these plaintiffs sought damages and asked for a determination that it was not obligated to defend West Flagler. The track sought a contrary adjudication. The trial court ruled that Old Republic was obligated to defend the claims and rendered final judgment awarding West Flagler $31,000 in attorneys' fees incurred in defending the bettors' suits. Old Republic appeals.
The issue on this appeal is whether the alleged diminution in the bettors' winnings is "property damage" under the terms of the general liability policy issued by Old Republic to West Flagler. All agree that if this allegation in the bettors' complaints brought the injury within the coverage of the policy, Old Republic was obliged to defend without regard to its ultimate liability to its insured. Klaesen Brothers, Inc. v. Harbor Insurance Company, 410 So.2d 611 (Fla. 4th DCA 1982); ABC Distributing, Inc. v. Lumbermens Mutual Insurance Company, 646 F.2d 207 (5th Cir.1981). On the other hand, if these alleged facts did not bring the claims within the coverage of the policy, Old Republic was not obliged to defend, and the judgment against it must be reversed. National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); Federal Insurance Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979); Capoferri v. Allstate Insurance Co., 322 So.2d 625 (Fla. 3d DCA 1975).
The policy in question covered West Flagler's liability for "property damage ... caused by an occurrence... ." It obligated the company to defend:
"any suit against the insured seeking damages on account of such ... property damage, even if any of the allegations of the suit are groundless, false or fraudulent... ." (emphasis supplied).
It defined "property damage" as:
"physical injury to or destruction of tangible property ... or ... loss of use of *1176 tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period; . .." (emphasis supplied).
It defined "occurrence" as:
"an accident, including continuous or repeated exposure to conditions, which results in ... property damage neither expected nor intended from the standpoint of the insured; ..."
Each plaintiff alleged that West Flagler's intentional or negligent acts or omissions caused him to lose a portion of the winnings to which he would have been entitled in the absence of such acts or omissions.[3] Given these allegations, we are compelled to conclude that the trial court erred in ruling that Old Republic was obligated to defend West Flagler and in awarding the track attorneys' fees because the complaints do not allege facts which show that the plaintiffs' loss was occasioned by "physical injury to or destruction of tangible property."[4]
There is abundant authority to support our conclusion. In Escambia Chemical Corp. v. U.S. Fidelity & Guaranty Co., 212 So.2d 884 (Fla. 1st DCA 1968), the insured sought to compel its carrier to defend against a claim seeking to recover lost profits. The insured had sold fertilizer to the claimant and guaranteed that crops fertilized with its product would produce as well as crops fertilized with a competitive brand. The guaranteed results did not occur. The claimant alleged that the insured was liable for the difference between the value of the crops fertilized with the insured's product and the value of comparable crops fertilized with the other brand. The issue was whether the insurer, U.S. Fidelity & Guaranty Co., was obligated to defend the claim under the terms of a "property damage" clause of a liability policy which, like the policy here, obligated the insurer to pay sums the insured owed as damages "because of injury to or destruction of ... tangible personal property ... including the loss of use thereof, resulting from an occurrence." Id. at 885. The court held that the cause of action alleged in the claimants' pleading was not a loss or an occurrence within the meaning and intent of the property damage provisions of the liability policy. We think the same must be said here. When the parties to this insurance contract agreed that the insurer would protect West Flagler against liability for damage to "tangible property," they did not contemplate or intend to provide liability coverage for intangible economic loss.
In Temco Metal Products Co. v. St. Paul Fire & Marine Insurance Co., 273 Or. 716, 543 P.2d 1 (1975) (en banc), one Meyer sued Temco for damages incurred when Meyer cashed a forged Temco check. Meyer alleged that Temco negligently permitted its employee to acquire blank Temco checks and a protectograph which was used to imprint amounts on the checks. St. Paul refused to defend Temco. Temco sought to recover defense costs from St. Paul.
*1177 The St. Paul policy  again, like the one in the case at hand  protected Temco from liability for property damage defined as "injury to or destruction of tangible property." 543 P.2d at 2. The issue, then, was whether Meyer's payment of moneys on the forged checks was "property damage" as contemplated by the policy. The Oregon Supreme Court, affirming a trial court judgment that the insurer had no obligation to defend, stated:
"We assume that money, in certain contexts, can be considered tangible property and that it is capable of being destroyed. However, we do not believe that paying money out on forged checks constitutes injury to or destruction of it as contemplated by the parties to the policy in question.
... .
"The premiums paid to insurance companies are computed on the basis of the probabilities of occurrences coming to pass that are within the insurance coverage. Since the contracts are the drafting product of the companies, their provisions are, quite rightly, construed most strongly against the company in questionable cases. (citation omitted). This principle cannot be carried to the point of extending the coverage to make the policy something different than contemplated, however. (citation omitted). Where the interpretation urged is not only strained, but would encompass a risk not contemplated by the kind of policy issued nor intended to be undertaken by the company, the insurer is entitled to that fair construction which reflects the understanding of the parties... ."
543 P.2d at 2, quoting State v. Glens Falls Insurance Company, Inc., 132 Vt. 97, 315 A.2d 257, 258 (1974) (emphasis supplied).
The foregoing statement applies with equal force in the present case.[5] We think it clear that investments, anticipated profits and financial interests in business ventures are intangibles and not "property" as that word is defined in the instant liability policy. Thus, where a complaint alleges injury to investments and anticipated profits and the like, it does not allege facts within the coverage of such a policy, and the insurer has no obligation to defend the suit. Hartford Accident & Indemnity Co. v. Case Foundation Co., 10 Ill. App.3d 115, 294 N.E.2d 7 (1973). Accord, Hamilton Die Cast, Inc. v. United States Fidelity & Guaranty Company, 508 F.2d 417 (7th Cir.1975) (claim against insured which allegedly sold defective tennis rackets to plaintiff for sums plaintiff required to refund to customers classified by court as essentially one for loss of anticipated profits and loss of goodwill; insurer not obligated to defend under policy making it liable for injury to or destruction of tangible property caused by an occurrence); Yakima Cement Products Co. v. Great American Insurance Co., 14 Wash. App. 557, 544 P.2d 763 (1975) (contractor's claim against subcontractor for costs incurred because of delay and for injury to contractor's reputation from subcontractor's misfabrication of concrete panels not within property damage coverage of subcontractor's liability policy; insurer not obligated to defend). Cf. Dreis & Krump Manufacturing Co. v. Phoenix Insurance Co., 548 F.2d 681 (7th Cir.1977) (complaint against insured for loss of use of allegedly defective brake and for costs of attempts to rectify defect did not allege tangible property damage; insurer not obligated to defend); Sentry Insurance Co. v. S & L Home Heating, 91 Ill. App.3d 687, 47 Ill.Dec. 102, 414 N.E.2d 1218 (1980) (loss of plant employees' productivity and expenses of remedying allegedly deficient ventilating system were "economic losses" and not "property damage" and were not covered under general liability policy obligating insurer to defend "property damage" claims); General Insurance Co. of America v. Palmetto Bank, 268 S.C. 355, 233 S.E.2d 699 (1977) (suits which alleged that lessor of warehouse had wrongfully distrained bailed goods did not allege an "occurrence" which caused "property damage" within meaning of liability policy; lessor's insurer under no duty to defend).
*1178 The complaints were devoid of any allegation that anything West Flagler did injured or destroyed the trifecta tickets, the only "tangible property" at issue.[6] Only the tickets' economic value, i.e., an intangible, was alleged to have been diminished. Old Republic never undertook to insure West Flagler for its liability for intangible or economic losses. Therefore, the bettors' complaints, which plainly sought to recover for intangible losses, do not satisfy the definition of property damage in the instant policy and do not invoke the insurer's duty to defend. See Ludwig Candy Co. v. Iowa National Mutual Insurance Co., 78 Ill. App.3d 306, 33 Ill.Dec. 605, 396 N.E.2d 1329 (1979); Inland Construction Corp. v. Continental Casualty Co., 258 N.W.2d 881 (Minn. 1977); County of Monroe v. Travelers Insurance Co., 100 Misc.2d 417, 419 N.Y.S.2d 410 (S.Ct. 1979).
Reversed and remanded with directions to vacate the judgment in favor of West Flagler Associates, Ltd. and to enter judgment in favor of Old Republic Insurance Company.
NOTES
[1] The State Attorney's Office recovered most of the money. It was put into a fund and used to settle the numerous claims which arose.
[2] In one of the actions, since Old Republic was not named as a defendant, West Flagler filed a third-party complaint against Old Republic seeking a coverage declaration.
[3] We omit any extended discussion of the nonexistence of coverage for the intentional acts alleged in plaintiffs' complaints. Plainly, Old Republic had no duty to defend against injuries resulting from intended acts because the policy provides coverage only for property damage caused by an "occurrence," and defines an "occurrence" as an "accident" which causes "unintended" property damage. See, e.g., National Union Fire Insurance Co. v. Lenox Liquors, supra; Federal Insurance Co. v. Applestein, supra; Hartford Fire Insurance Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977); Simmons Refining Co. v. Royal-Globe Insurance Co., 543 F.2d 1195 (7th Cir.1976); Battisti v. Continental Casualty Co., 406 F.2d 1318 (5th Cir.1969); Proctor Seed & Feed Co., Inc. v. Hartford Accident & Indemnity Co., 253 Ark. 1105, 491 S.W.2d 62 (1973). Moreover, Old Republic had no duty to defend against claims based on negligent breach of contract or warranty because this type of coverage was plainly excluded by a separate provision of the policy.

Thus, the only basis on which the trial court could have concluded that Old Republic had a duty to defend is that the negligence plaintiffs alleged caused "property damage." Therefore, we address only that issue.
[4] The policy also covered the "loss of use of tangible property which has not been physically destroyed." This clause is also plainly inapplicable since plaintiffs did not lose the use of the trifecta tickets. See General Insurance Co. of America v. Western American Development Co., Inc., 43 Or. App. 671, 603 P.2d 1245 (1979).
[5] West Flagler was separately insured under a policy specifically designed to protect against loss of money caused by employee dishonesty. That policy, however, like most standard fidelity bonds, did not contain a duty to defend clause.
[6] United States Fidelity & Guaranty Co. v. Mayor's Jewelers of Pompano, Inc., 384 So.2d 256 (Fla. 4th DCA 1980), relied on by West Flagler, involved a theft of jewelry which the court found to be an injury to tangible personal property and is thus distinguishable. Moreover if, arguendo, the policy in question there had, as the policy in the instant case, restricted injury to "physical injury," then, presumably, the theft, despite rendering the jewelry valueless, would not have come within the definition of property damage: "If, as United States Fidelity & Guaranty maintains, property is damaged only when it suffers actual, physical damage, it would have been relatively simple to include the word physical in its definition." Id. at 258.