MARY KAY COSMETICS, INC., and J
& J Pump Service, Inc., Appellants,

v.

The NORTH RIVER INSURANCE
COMPANY, Appellee.

No. 05–86–00545–CV.

Court of Appeals of Texas,
Dallas.

Sept. 18, 1987.
Rehearing Denied Nov. 13, 1987.

Lancaster Smith, Van Shaw, Dallas, for appellants.

William N. Hamilton, Robert D. Allen, Michael V. Winchester, Dallas, for appellee.

Before ENOCH C.J., and STEPHENS and HOPKINS[1], JJ.

HOPKINS, Justice.

Mary Kay Cosmetics, Inc. (Mary Kay) and J & J Pump Service, Inc. (J & J Pump) appeal the granting of a summary judgment against them and in favor of North River Insurance Company (North River). They also complain that the trial court erred in denying their motions for partial summary judgment. We affirm in part and reverse and remand in part.

In an earlier suit, Mary Kay received a judgment against J & J Pump for damages arising from faulty installation of storage tanks. Mary Kay then brought this suit as a third party beneficiary against North River (J & J Pump's insurer) on the insurance agreement. By the Third Amended Original Petition, J & J Pump was added as plaintiff asserting independent claims, including fraud and deceptive trade practices acts, against North River regarding the policy.

Mary Kay and J & J Pump first contend that the trial court erred in rendering a final summary judgment purporting to adjudicate all issues, because the judgment did not and could not dispose of the fact issues raised by the record that North River violated the Deceptive Trade Practices Act, the Texas Insurance Code and the Texas Uniform Commercial Code and was allegedly guilty of fraud, breach of contract and misrepresentation. To the extent that this point of error attacks the trial court's judgment for entry of judgment on issues not raised in North River's motion for summary judgment, we agree that the order was erroneous.

The thrust of appellants' contention is that the trial court erred in granting a final summary judgment instead of a partial summary judgment. Appellants maintain that the "part of the trial court's judgment granting [North River's] motion for summary judgment should be dismissed because it is an interlocutory judgment." We disagree.

When a plaintiff files suit alleging several causes of action, in order to secure a summary judgment as to the entire case, a moving defendant must conclusively show that fact issues do not exist as to at least one essential element of each of the nonmoving plaintiff's causes of action. *Ashcroft v. W.T. Bradshaw and Company*, 601 S.W.2d 809, 811 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.). Further, a motion for summary judgment will not support entry of a judgment on a cause of

---

[1]. The Honorable Harry W. Hopkins, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

action not presented in the motion. *Chessher v. Southwestern Bell Telephone Company*, 658 S.W.2d 563, 564 (Tex.1983); *Torres v. Laredo National Bank*, 716 S.W. 2d 667, 669 (Tex.App.—Corpus Christi 1986, no writ); *Great–Ness Professional Services, Inc. v. First National Bank of Louisville*, 704 S.W.2d 916, 918 (Tex.App. —Houston [14th Dist.] 1986, no writ); *Currey v. Lone Star Steel Company*, 676 S.W. 2d 205, 213 (Tex.App.—Fort Worth 1984, no writ).

■ Appellants filed suit against North River asserting numerous causes of action. North River subsequently filed separate motions for summary judgment against Mary Kay and J & J Pump. Both motions contain general language asking that "Plaintiff take nothing herein inasmuch as ... there is no genuine issue as to any material fact and that defendant is entitled to such summary judgment as a matter of law...." North River failed, however, to establish that fact issues did not exist as to at least one essential element of *each* of the nonmoving plaintiffs' causes of action.

In its motion for summary judgment filed against J & J Pump, North River maintained that because J & J Pump's latest petition deleted any reference to representations or actions made by the agent issuing the insurance policy or to any other presale conduct with reference to that policy, the petition effectively limited the suit to the issue of whether coverage was provided under the policy for the injury sustained by Mary Kay when underground tanks installed by J & J Pump broke free and floated to the surface. North River then proceeded to establish why this injury was not covered by the insurance policy. North River further attacked J & J Pump's causes of action for unfair claims practices, deceptive trade practices and insurance code violations on the same basis.

In its motion for summary judgment filed against Mary Kay, North River asserted that this was a subrogation suit brought to collect from North River the amount of damages recovered by Mary Kay from J & J Pump. North River further alleged that "the only issue at bar is

one of interpretation of the insurance contract by the court as applied to the undisputed facts...." Basically North River argued that Mary Kay had no cause of action against it because North River did not have any liability to J & J Pump based upon the insurance policy.

Mary Kay responded to North River's motion by asserting that material issues of fact exist as to:

(a) Whether or not Defendant is liable to Plaintiff under Article 21.21 Section 16 of the Texas Insurance Code and/or Section 17.50(a)(4) of the Texas Business and Commerce Code for engaging in practices which violated Official Order No. 27085, 41454, 18663, and 37550 of the State Board of Insurance;

(b) Whether or not Defendant is liable for actual fraud;

(c) Whether or not Defendant is liable for breach of contract;

(d) Whether or not Defendant is liable for misrepresentations; and,

(e) Whether or not Defendant is estopped from denying coverage and/or liability.

J & J Pump, in its first supplemental reply to North River's motion for summary judgment, maintained that:

J & J Pump Service, Inc. has filed a partial Motion for Summary Judgment concerning the insurance policy itself, but said Motion for Partial Summary Judgment does not dispose of all of Plaintiff's allegations. Defendant, The North River Insurance Company, has filed its own Motion for Summary Judgment but, there again, said Motion for Summary Judgment does not go to all of J & J Pump Service, Inc.'s allegations in this cause. All Motions for Summary Judgment are on file with the Court and adopted by reference for all purposes if set out in full.

Plaintiff would respectfully show the Court that contrary to what the Defendant asserts, the Plaintiffs' Petition has not:

Effectively limited the questions involved in this lawsuit as to whether the

insurance policy in question covered alleged damages caused by underground tanks that floated to the surface over two months after J & J Pump Service, Inc. had burried [sic] the tanks and Mary Kay Cosmetics, Inc. had begun using the tanks.

Specifically, Plaintiff would respectfully show the Court that it had filed suit not only on the insurance contract made the basis of this suit, but also for violations of the Deceptive Trade Practices Act and the Texas Insurance Code, breach of contract, fraud, misrepresentations, and violations of the Texas Uniform Commercial Code. See Paragraphs XVI, XVII, XIX, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXIX, and XXXI.

## II.

The only allegations addressed in Defendant's Motion for Summary Judgment are those of whether or not the insurance contract provided coverage and whether or not the Plaintiff can bring a cause of action under certain provisions under the Texas Insurance Code. Nowhere are the issues of breach of contract, fraud, misrepresentations, and violations of the Texas Uniform Commercial Code addressed. As such, Defendant's Motion for Summary Judgment does not address all issues in this case and, as such, Plaintiff would respectfully show the Court that Defendant's Motion disposing of this case in its entirety cannot and should not be granted.

Contrary to any assertions of North River, appellants' trial petition alleges causes of action under the Deceptive Trade Practices Act, the U.C.C. and the Insurance Code. It further alleges actions for fraud, breach of contract and misrepresentation. Accordingly, to the extent that the trial court granted summary judgment on causes of action asserted by appellants in their trial pleadings, but not addressed by North River in its motions for summary judgment, the judgment is erroneous. *Young v. Hodde*, 682 S.W.2d 236, 237 (Tex.1984); *Teer v. Duddlesten*, 664 S.W.2d 702, 704–

05 (Tex.1984). Appellants' first point of error is sustained.

Appellants further argue that because the trial court erroneously entered a final judgment, the order itself is interlocutory and therefore we should dismiss this appeal. We disagree.

Because the judgment itself disposed of all issues, it was an appealable order. *See Schlipf v. Exxon Corporation*, 644 S.W.2d 453, 455 (Tex.1982) (on rehearing). The correct disposition is to remand for a trial on the untried issue. *Teer*, 664 S.W.2d at 704. Since we have already concluded that the judgment entered by the trial court was final and that we therefore have jurisdiction to consider this appeal, we must also address the remaining points of error presented in this appeal.

In their second through fifth points of error, appellants assert that the trial court erred in denying their motions for partial summary judgment.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.*

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence

which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. If such evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue unless it is clear, direct, positive and free from inconsistencies and contradictions. *Id.; see also Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980) (affirming a summary judgment based solely upon the uncontroverted testimony of an interested party). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *Clear Creek,* 589 S.W.2d at 678.

Appellants first contend that the trial court erred in not granting them a partial summary judgment because North River had the duty to defend J & J Pump in Mary Kay's initial suit against J & J Pump, and failed to do so. In determining the duty of a liability insurance company to defend a lawsuit brought against the insured, the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations, and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof. *Argonaut Southwest Insurance Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973).

Further, in considering the allegations in the complainant's petition to determine whether they fall within the provisions of the insurance policy, a liberal interpretation of the meaning of those allegations should be indulged. *Heyden Newport Chemical Corp. v. Southern General Insurance Co.,* 387 S.W.2d 22, 26 (Tex. 1965); *Norvell Wilder Supply Co. v. Employers Casualty Co.,* 640 S.W.2d 338, 340 (Tex.App.—Beaumont 1982, writ dism'd). Even where the injured person's complaint does not state facts sufficient to clearly bring the case within or without the coverage, the insurer is obligated to defend if there is potentially a case under the complaint within the coverage of the policy.

*Fort Worth Lloyds v. Garza,* 527 S.W.2d 195, 199 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); and *St. Paul Insurance Co. v. Rahn,* 641 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1982, no writ). Any doubts in that regard will be resolved in the insured's favor. *Heyden, supra.*

If, however, the petition only alleges facts excluded by the policy, the insurer is not required to defend. *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex. 1982). Here, Plaintiffs' Third Amended Original Petition (attached as an exhibit to Appellants' motions for partial summary judgment) alleges that the injury complained of occurred "after the [property] had been put to use by the Plaintiff." Also attached to this petition is a copy of the insurance policy in issue. This policy contains a provision that expressly excludes from coverage under the policy "bodily injury or property damage included within the Completed Operations Hazard...." The policy provides that:

> a "completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time ... but only if the bodily injury or property damage occurs after such operations have been completed.... Operations shall be deemed completed ...
>
> \*   \*   \*   \*   \*   \*
>
> (3) when the portion of the work out of which the injury or damage arises has been put to its intended use....

The express language of this provision excludes liability for an injury occurring "after the [property] had been put to use by the Plaintiff[,]" as alleged in Mary Kay's pleading. *See Hargis v. Maryland Am. Gen. Ins. Co.,* 567 S.W.2d 923, 925–26 (Tex. Civ.App.—Eastland 1978, writ ref'd n.r.e.). Accordingly, North River was not required to defend J & J Pump in the action filed by Mary Kay. Appellants' second point of error is overruled.

Appellants assert in their third point of error that North River owed a duty to defend J & J Pump based upon a "broad

form contract" between J & J Pump and Mary Kay. Attached as a supplement to the general liability contract executed between J & J Pump and North River was an additional contract captioned "CONTRACTUAL LIABILITY INSURANCE (Designated Contracts Only)." Under the heading "Designation of Contracts" is the following information:

> Contract between insured and Dallas Power & Light rated as:
> Construction Agreements—indemnification of contractors (not railroads)—excluding maritime operations
> Broad form contracts    15193

No definition or description of the term "Broad form contracts" is contained in the contract other than the code number "15193" which is set out beside the term.

It appears that the purpose of this additional insurance coverage is to provide protection from liability incurred based upon a contract between J & J Pump (as the insured) and Dallas Power & Light. In any event, coverage under the "Broad form contracts" provision is identified by the code designation "15193." Appellants offered no evidence to show that this designated coverage extended to a broad form contract executed between Mary Kay and J & J Pump.

Even if we were to accept appellants' contention that the insurance coverage extended beyond the contract between J & J Pump and Dallas Power & Light, we must still reject appellants' claim that North River owes J & J Pump a duty to defend based upon this provision. The petition under which Mary Kay sued J & J Pump expressly asserts a breach of contract cause of action because:

> [J & J Pump] warranted that all materials and items furnished would conform to the specifications, drawings, samples or other description furnished or specified by buyer, and will be of good and merchantable materials and workmanship and free of defect. [J & J Pump] further warranted that all material which is the product of seller or is in accordance with seller's specifications will be suitable for the purpose intended. [J & J

> Pump] further warranted that materials and items which are defective may be returned at seller's expense including all transportation expenses and that [J & J Pump] agreed to indemnify and hold harmless Plaintiff for all liability, loss, damage or cost of expense arising out of the purchase and installation of the tanks made the basis of this suit.

Under the express terms of the policy, "contractual liability" is defined as:

> [L]iability expressly assumed under a written contract or agreement provided, however, that contractual liability shall not be construed as including liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner[.]

Under this definition, the contract precludes coverage based upon the cause of action asserted in Mary Kay's petition. Appellants' third point of error is overruled.

■ In their fourth point of error appellants assert that the policy provisions are ambiguous as to whether J & J Pump has insurance coverage for the injury sustained by Mary Kay. Based upon our disposition of appellants' second and third points of error, we hold that the provisions in question are not ambiguous. Accordingly, we overrule appellants' fourth point of error.

■ Finally, in their fifth point of error appellants assert that they should have been granted a partial summary judgment based upon J & J Pump's "reasonable expectation" that they were covered under the terms of the policy. Basically, appellants are asking us to adopt the doctrine of reasonable expectations in order to impose coverage under the insurance policy based upon the *reasonable* expectations of coverage held by J & J Pump, through its president James Richards. The narrow question before us today is not, however, whether to adopt the doctrine of reasonable expectations for application in this state. Instead, the question is did appellants establish as a matter of law their entitlement

to have the doctrine applied in this case. We hold that they did not.

Appellants first raised the doctrine of reasonable expectations as a theory of recovery in their motion for partial summary judgment. The theory is not advanced in their third amended original petition, their trial pleading. Under Texas Rule of Civil Procedure 166–A(a) a party seeking to recover *upon a claim* may move for summary judgment.

A party is limited to the theories of recovery set forth in its pleadings. *Wilson v. McCracken*, 713 S.W.2d 394, 395 (Tex.App.—Houston, [14th Dist.] 1986, no writ); *Crozier, v. The Horne Children Maintenance and Educational Trust*, 597 S.W.2d 418, 421 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *see also Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex. 1983).

Here, appellants are complaining that the trial court erred in not granting them a summary judgment on a claim that was not presented in their trial pleadings. Accordingly, we hold that the trial court did not err in denying the requested relief. *See Viracola v. Dallas International Bank*, 508 S.W.2d 472, 475 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). Appellants' fifth point of error is overruled.

 In a single crosspoint, appellee asserts that in the event this court should reverse this case, we should also reverse the trial court's action dismissing North River's third-party action as moot. We agree.

North River brought a third-party action against Robert Northcutt and Edwards–Northcutt–Locke, for indemnity or contribution in the event that judgment was rendered against North River. In conjunction with discharging North River, the final summary judgment dismissed the third-party action as moot. Because we hold that the trial court erred in discharging North River on all causes at trial asserted by appellant, North River's third-party action is not moot. Accordingly we sustain appellee's crosspoint.

That part of the trial court's judgment granting North River summary judgment regarding Mary Kay's and J & J Pump's cause of action for liability under the terms of the insurance policy and granting summary judgment regarding J & J Pump's causes of actions for unfair claims practices, for failure to defend, for deceptive trade practices act or insurance code violations based upon denial of coverage, and for liability under Insurance Regulations No. 18663, section six, No. 27085, No. 41454 and No. 37550 is AFFIRMED. That portion of the trial court's judgment denying appellants' motion for summary judgment is also AFFIRMED. The trial court's judgment granting summary judgment on appellants' remaining causes of action as set out in Plaintiffs' Third Amended Original Petition and dismissing appellee's third party action is REVERSED and REMANDED for further proceedings on appellants' breach of contract, fraud, misrepresentation and negligence causes of action.