TERRA INTERNATIONAL, INC., et al., Appellants,

v.

COMMONWEALTH LLOYD'S INSURANCE COMPANY, et al., Appellees.

No. 05–90–01454–CV.

Court of Appeals of Texas, Dallas.

Feb. 24, 1992.

Dissenting Opinion of Justice Kinkeade Nov. 14. 1991.

Rehearing Denied May 11, 1992.

Joe Bailey Hyden, Dallas, for appellants.

Kevin J. Cook, James D. Stanton, Dallas, for appellees.

Before KINKEADE, EVANS [1], and ASHWORTH [2], JJ.

## OPINION

EVANS, Justice.

On the Court's own motion, the opinion of November 14, 1991, is withdrawn. The following is now the opinion of the Court. The dissenting opinion remains unchanged.

The controlling issue in this case is whether appellees, Commonwealth Lloyd's Insurance Co. and United States Fire Insurance Co. (Insurers), had a duty to defend the appellants, Terra International, Inc. et al. (Insured), against a third party alleging violations of the Deceptive Trade Practices Act, common law fraud, and negligence and seeking declaratory relief. The trial court granted the Insurers' motion for summary judgment, holding as a matter of law that the Insurers had no duty to defend. We affirm that judgment.

■ Under the applicable standard of review, we are required to examine the allegations of the third-party petition in light of the provisions of the insurance policies and without regard to the truth or falsity of such allegations. We are also required to give a liberal interpretation to their meaning. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24, 26 (Tex.1965). If the allegations of the complaint will allow the introduction of evidence on a theory of recovery within the scope of the insurance policies, there is potential liability against which the Insurers have an obligation to defend. *Id.* at 26; *see also Fort Worth Lloyds v. Garza*, 527 S.W.2d 195, 199 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Sewer Constructors, Inc. v. Employers Casualty Co.*, 388 S.W.2d 20, 24 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.).

There are seven policies covering the Insured, four of which were issued by Commonwealth Lloyd's and three by U.S. Fire. Although the insuring agreements in these policies are not identical, they all have similar language. Generally, the insuring agreements state:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of *bodily injury* or *proper-*

1. The Honorable Frank G. Evans, Chief Justice, Court of Appeals, First District of Texas at Houston, Retired, sitting by assignment.

2. The Honorable Clyde R. Ashworth, Justice, Court of Appeals, Second District of Texas at Fort Worth, Retired, sitting by assignment.

*ty damage* to which this insurance applies, caused by an *occurrence....* (emphasis added)

The term "occurrence" is generally defined as follows:

[A]n accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the insured. (emphasis added)

"Property damage" is defined as:

(1) [P]hysical injury to or destruction of *tangible* property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of *tangible* property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period. (emphasis added)

The Insured concedes that the third-party complaint does not allege "bodily injury" within the meaning of the insurance policies. Thus, the question here is whether the complaint alleges "property damage" within the policies' coverage.

■■■ As stated, we must liberally construe the allegations in the third-party complaint to determine if they fall within the provisions of the insurance policies. *Heyden,* 387 S.W.2d at 26; *Mary Kay Cosmetics, Inc. v. North River Ins. Co.,* 739 S.W.2d 608, 612 (Tex.App.—Dallas 1987, no writ). If there is any doubt about whether the allegations reflect a potential liability, such doubt must be resolved in favor of the Insured. *Mary Kay,* 739 S.W.2d at 612. However, we must focus our review on the *factual* allegations in the complaint, not on the *legal* theories asserted. *Continental Casualty Co. v. Hall,* 761 S.W.2d 54, 56 (Tex.App.—Houston [14th Dist.] 1988, writ denied), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990). Unless the petition alleges *facts* within the coverage of the policies, the Insurers have no duty to defend. *Fidelity & Guar. Ins. Underwriters v. McManus,* 633 S.W.2d 787, 788 (Tex.1982); *Holmes v. Employers Casualty Co.,* 699 S.W.2d 339, 340–41 (Tex.

App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■■ In its third-party complaint, the plaintiff alleged it had purchased two tracts of land from the Insured and other defendants, and that after the purchase, the defendants caused the land to be included within a county flood control district. The complaint further alleged that the defendants, acting through and on behalf of the flood control district and without notice to or consultation with the plaintiff, caused the offering and sale of $7.2 million in flood control bonds, which resulted in substantial increases in the plaintiff's ad valorem taxes and plaintiff's lands becoming virtually worthless and unsalable. The plaintiff also alleged that the Insured and the other defendants performed numerous work projects on lands within the flood control district but did not perform any work on the land purchased by plaintiff.

The plaintiff alleged several theories of recovery:

(1) That the defendants had violated the Deceptive Trade Practices Act because of the failure to disclose material information and had breached their implied warranty that the property was suitable for the purposes intended. The plaintiff also asserted that, because of the defendants' grossly unfair conduct and their superior knowledge regarding the amount of the bond issue and the resulting ad valorem tax burdens, the defendants were guilty of unconscionable action in violation of the Deceptive Trade Practices Act.

(2) That the defendants were guilty of fraud because of their false representations that the property purchased by plaintiff could be developed and sold when it was, in fact, virtually worthless.

(3) That the defendants were negligent because of their acts and omissions in the financing, development, and control of the flood control district, which breached their duty of ordinary care.

In its general prayer for relief, the plaintiff sought actual and exemplary damages, prejudgment interest, an injunction against the assessment or collection of 1988 and

1989 taxes, a declaratory judgment invalidating the bond issue, and a judicial declaration disannexing the plaintiff's property from the flood control district.

We find no allegations in the third-party complaint showing the Insured's potential liability for "physical injury to or destruction of tangible property" within the first section of the property damage definition. Neither do we find any factual allegations showing the "loss of use of tangible property" within the meaning of the second section of the property damage clause.

The Insured strenuously argues that the complaint contains allegations of negligence showing its potential liability under the second section of the property damage definition. In support of its argument, the Insured refers us to allegations that, when liberally construed, charge that the Insured was negligent in failing to conduct flood control work on the plaintiff's property. The plaintiff alleged that this failure, coupled with the substantial increase in ad valorem taxes, rendered the plaintiff's property "essentially worthless" and resulted in the loss of use of the property.

Even given their most liberal interpretation, the allegations in the third party complaint do not state a potential liability for "property damage" within the coverage of the property damage definitions. *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686, 687 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.) (allegations that economic loss resulted from negligent failure to locate an oil well on land held not to assert injury to, destruction of, or loss of use of "tangible property" within coverage of insurance policy); *General Ins. Co. of Am. v. Western Am. Dev. Co.*, 43 Or.App. 671, 603 P.2d 1245, 1246 (1979) (allegations that misrepresentations concerning nature and extent of public easement caused property purchased to be worth less than anticipated held not to be within policy coverage).

Although the complaint broadly asserts that the defendants were negligent, the factual allegations underlying those broad assertions show only that the defendants made negligent misrepresentations that resulted in the loss of the plaintiff's investment and anticipated profits. It has been held that such factual allegations do not establish "property damage" within the meaning of the insuring agreements. *See McCollum v. Insurance Co. of N. Am.*, 132 Ariz. 129, 644 P.2d 283, 285 (Ct.App.1982) (allegations showing negligent misrepresentations that certain roads would be improved held not to be within policy coverage); *Hawaiian Ins. & Guar. Co. v. Blair, Ltd.*, 6 Haw.App. 447, 726 P.2d 1310, 1313 (1986) (allegations showing diminution in value of plaintiff's "product-line" held not to constitute the "loss of use of tangible property" within property damage definition).

We conclude that the allegations in the third-party complaint neither allege physical injury to or destruction of tangible property nor the loss of use of tangible property within the property damage provisions of the insurance policies. Thus, we hold that the trial court properly granted the Insurers' motion for summary judgment.

The trial court's judgment is affirmed.

KINKEADE, J., dissents.

KINKEADE, Justice, dissenting.

I respectfully dissent. I would hold that a genuine issue of material fact remains as to whether Northlake Woodlands Joint Venture's complaint alleged a loss of use of tangible property within the insurance policies' property damage provisions that would invoke Commonwealth Lloyd's Insurance Company's duty to defend Terra International, Inc.

We must liberally construe Northlake's allegations, without regard to their truth or falsity, to determine if they fall within the insurance policies' provisions. If any doubt arises as to whether the allegations reflect a "potential liability," we must resolve that doubt in Terra's favor. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24, 26 (Tex.1965); *Mary Kay Cosmetics, Inc. v. North River Ins. Co.*, 739 S.W.2d 608, 612 (Tex.App.—Dallas 1987, no writ). Commonwealth has no duty to defend Terra, however, if Northlake's

petition alleged facts excluded by the policies. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex. 1982); *see Continental Casualty Co. v. Hall,* 761 S.W.2d 54, 56 (Tex.App.—Houston [14th Dist.] 1988, writ denied), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990).

I agree with the majority that, for Northlake's petition to invoke Commonwealth's duty to defend Terra, Northlake must have alleged "physical injury to or the destruction of tangible property." I disagree, however, with the majority's conclusion that Northlake's petition failed to make such an allegation. Liberally construed, Northlake's petition alleged that:

—Terra negligently omitted to perform flood control work on Northlake's property.

—Terra negligently performed numerous work projects that were not part of and were in excess of the district's approved reclamation plan.

—Terra negligently failed to provide final construction plans and specification for projects within the district.

—Terra negligently financed, developed, and controlled the project.

Further, Northlake's petition prayed for actual damages.

I would hold that these allegations, in conjunction with Terra's prayer for actual damages, raise a genuine issue of material fact concerning whether Terra unintentionally physically injured or destroyed Northlake's tangible property. At a minimum, I would hold that these allegations reflect a "potential liability," which we must resolve in Terra's favor. Because I would hold that a fact issue exists and that the trial court erred when it found as a matter of law that Commonwealth had no duty to defend, I would reverse the trial court's judgment and remand this cause for further proceedings.