In the Matter of the Estate of ARTHUR ARBIB, Deceased.

Surrogate's Court, New York County, July 6, 1925.

**Taxation — transfer tax — order fixing transfer tax on money of decedent belonging to him in France as intangible property, affirmed.**

An order fixing the transfer tax on money of the decedent, belonging to him in France as intangible property is affirmed; money is not tangible property within the rule that a State has no power to impose a tax on tangible property physically situated outside the State of domicile.

APPLICATION to modify order fixing transfer tax.

*White & Case*, for the petitioner.

*Harry Baer*, for the executors.

O'BRIEN, S. The application to modify the order fixing the transfer tax is denied. The decedent was a resident of this State. The money belonging to him in the Republic of France was not tangible property. The recent decision of the United States Supreme Court in *Frick* v. *Pennsylvania* (268 U. S. 473) holds that a State has no jurisdiction to impose a tax on the transfer of *tangible* property physically situated outside the State of domicile. Tangible property is synonymous with " goods, wares and merchandise." (*Matter of Brooks*, 119 Misc. 738; affd., 212 App. Div. 868.)

The cases cited by the petitioner (*Matter of Houdayer*, 150 N. Y. 37; *Blackstone* v. *Miller*, 188 U. S. 189) are not in point since they deal with the right of the State to tax *intangible* property. In the *Frick Case* (*supra*) the court in its opinion said: " Counsel for the state cite and rely on *Blackstone* v. *Miller* (188 U. S. 189) and *Bullen* v. *Wisconsin* (240 U. S. 625). Both cases related to intangible personalty, which has been regarded as on a different footing from tangible personalty." The order fixing tax is affirmed.