In the Matter of the Estate of CATHERINE WOLFE LONEY, Deceased.

Surrogate's Court, New York County, October 16, 1928.

*Stewart & Shearer*, for the executors.

*Charles A. Curtin*, for State Tax Commission.

O'BRIEN, S. The State Tax Commission takes this appeal from an order of this court made on the 5th day of July, 1928, declaring

exempt from transfer tax the sum of $15,450, representing the value of tangible personal property owned by the decedent on the date of her death, upon the ground that the said sum of money resulting from the adjustment of a claim arising out of the ownership by the decedent of certain tangible personal property is subject to a transfer tax under the Tax Law of this State.

The decedent was a resident of this State and was a victim of the sinking of the steamship *Lusitania*. With her was lost certain jewelry, clothing, trunks and other tangible personal property. Subsequently a proceeding was instituted to fix the transfer tax upon her estate and the tax was fixed by an order of this court entered upon the report of the transfer tax appraiser. The said order did not impose a tax upon the personal property lost at sea. After the decedent's death and the sinking of the *Lusitania* the victims of this disaster were permitted by the United States government to file with it inventories of property lost by the passengers of the steamship. An inventory was so filed by the executors of this estate and on May 17, 1928, the executors received from the Mixed Claims Commission, United States and Germany, an award in the amount of $15,450, with interest, representing the value of the decedent's property lost on the *Lusitania*. The executors made application to this court for an order declaring this amount exempt from transfer tax and the said application was granted and the order thereupon entered. From this order the State Tax Commission appeals.

The United States Supreme Court in the case of *Union Refrigerator Transit Co.* v. *Kentucky* (199 U. S. 194) has held that it is essential to the validity of a tax that the property shall be within the territorial jurisdiction of the taxing power. Likewise, in *Frick* v. *Pennsylvania* (268 U. S. 473) the same court decided that a State cannot validly impose a tax upon the transfer of tangible personal property located without its borders. (See, also, other cases cited therein.) A later case, in point, by the same court is *Blodgett* v. *Silberman* (277 U. S. 1, decided April 16, 1928). To the same effect is my decision in *Matter of Arbib* (127 Misc. 820). This personal property of the decedent was not within the territorial boundaries of the State of New York and whether it was located in another State or upon the bed of the Atlantic Ocean would seem to be immaterial. Furthermore, the appeal of the State Tax Commission is upon the ground that the sum of money received from the adjustment of the claim arising from the loss of this property located without the State is taxable. At the date of the decedent's death her estate had no claim for the loss of property caused by an act of war committed by a belligerent power. It was subsequently

to the loss of the property that the Mixed Claims Commission was formed and the award made. The award is in its nature a gratuitous payment and is not the settlement of any claim constituting a part of the decedent's estate on the date of her death. As such, the transfer of the money in question is exempt from tax and an order may be submitted, on notice, denying this appeal and affirming the order of exemption.