Harold E. Koreman, J.
Plaintiff seeks judgment declaring that a liability policy of insurance issued to it by defendant affords coverage for claims asserted against plaintiff by Americana Ski Company (hereinafter called Americana); that defendant is required to defend and indemnify plaintiff in the action brought against the latter by Americana, and, that defendant is Required to pay any and all judgments which may be entered in favor of Americana against plaintiff as a result of that action.
*417 Plaintiff manufactured and sold to Americana certain ‘ ‘ runaway straps” to be used in conjunction with the ski binding manufactured by Americana. It developed that the straps delivered by plaintiff to Americana were in turn sold and delivered to a distributor, whose customers returned the ski bindings as damaged due to the breakage of the strap stitching when put in use, and refused to keep or pay for them. Thereafter Americana commenced an action against this plaintiff based on breach of warranty and negligence, alleging that its distributor returned many bindings and cut back its order for bindings, as a result of which Americana sustained substantial money damages. The defendant herein refused to defend- the action on the ground that the alleged claims of Americana are excluded from coverage pursuant to exclusions “K” and “L” of the policy, and further that no property damage and no occurrence as defined in the policy have been alleged in support of such claims. Testimony from an officer of plaintiff was received in the course of which the policy of insurance was received in evidence. Exclusions 1 ‘ K ” and “L” read as follows:
“ (k) to bodily injury or property damage resulting from the failure of the named insured’s products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;
<! (1) to property damage to the named insured’s products arising out of such products or any part of such products; ”.
It is clear that Americana’s claim against plaintiff is based upon an alleged deficiency in the design of the straps supplied by plaintiff which resulted in their failure to perform the function for which they were intended, and that the only property alleged to be damaged was plaintiff’s own product as defined in the policy. Thus the claims set forth in the action brought by Americana against this plaintiff come within the unambiguous language of exclusions “K” and “L” of the policy. Furthermore, the policy defines “ property damage ” for which coverage is afforded as meaning ‘ ‘ injury to or destruction of tangible property ’ ’. Tangible property is defined as property of material substance, which can be possessed physically, such as goods, wares and merchandise. (Ballentine’s Law Diction *418 ary [3d ed.]; see, also, Matter of Arbib, 127 Misc. 820; Matter of Brooks, 119 Misc. 738, affd. 212 App. Div. 868.) It follows that the defendant is not legally obligated to pay, under the terms of the policy, for the loss of profits or business allegedly sustained by Americana. Nor can it be said that there was an “ occurrence ” insured against within the meaning of the policy, which is defined as an “ accident # * which results * * * in bodily injury or property damage neither expected nor intended from the standopint of the insured.”
' While the courts have recognized that the obligation to defend is broader than the duty to pay (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154), “ if we can determine that no basis for recovery within the coverage of the policy is stated in the complaint, we may sustain defendant’s refusal to defend (Lionel Freedman, Inc. v. Glens Falls Ins. Co., 27 N Y 2d 364, 368.) A reading of the policy in its entirety makes clear that by its express terms it was not intended to extend coverage to the plaintiff insured under the facts as alleged in the action brought against it by Americana. In such case defendant is not required to defend or to indemnify this plaintiff. (Lionel Freedman, Inc. v. Glens Falls Ins. Co., supra.)
Judgment granted to defendant dismissing the complaint.