**LAMAR TRUCK PLAZA, INC., a
Colorado corporation,
Plaintiff–Appellant,**

v.

**SENTRY INSURANCE, a mutual
company, Defendant–Appellee.**

No. 86CA1226.

Colorado Court of Appeals,
Div. IV.

June 9, 1988.

John Gehlhausen, P.C., John Gehlhausen, Darla K. Scranton, Lamar, for plaintiff-appellant.

Hall & Evans, Brooke Wunnicke, Barbara A. Duff, Denver, for defendant-appellee.

JONES, Judge.

Lamar Truck Plaza, Inc. (Lamar), appeals the summary judgment entered in favor of Sentry Insurance (Sentry), in which the phrase "loss of use of tangible property" in a comprehensive general liability insurance policy was held not to include the loss to which Lamar was exposed. We affirm.

Lamar was sued by its female employees for alleged sexual discrimination and harassment. The damages claimed were loss of pay and retirement, medical, and other benefits. Lamar sought to have this claim covered under the property damage section of its liability policy issued by Sentry. Sentry denied coverage, and Lamar brought this declaratory judgment action.

Lamar's sole contention on appeal is that the trial court erred in determining that the claims against Lamar were not covered because loss of pay and benefits did not constitute a "loss of use of tangible property." We disagree.

Lamar's policy provided coverage for: "all sums which the insured shall become legally obligated to pay as damages because of

   A.  bodily injury or

   B.  property damage

to which this insurance applies, caused by an occurrence."

Property damage was defined as: "a. Physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or b. *loss of use of tangible property* which has not been physically injured or destroyed, provided the loss or use is caused by an occurrence during the policy period." (emphasis added)

■ In this context, tangible property is that which is capable of being handled, touched, or physically possessed. *See Sturges Manufacturing Co. v. Utica Mutual Insurance Co.*, 347 N.Y.S.2d 388, 75 Misc.2d 416 (1973); *Lay v. Aetna Insurance Co.*, 599 S.W.2d 684 (Tex.Civ.App. 1980). Purely economic losses are not included in this definition. *Oxford Lumber Co. v. Lumbermens Mutual Insurance Co.*, 472 So.2d 973 (Ala.1985) (employee's claim for insured's failure to provide medical benefits not covered); *Travelers Indemnity Co. v. State*, 140 Ariz. 194, 680 P.2d 1255 (App.1984) (lost investment resulting from alleged failure of insured state properly to regulate was "chose in action," not tangible property); *L. Ray Packing Co. v. Commercial Union Insur-*

*ance Co.*, 469 A.2d 832 (Me.1983) (anti-trust action claiming loss of profits and financial interests resulting from insured's alleged price-fixing scheme not covered); *Sturges Manufacturing Co. v. Utica Mutual Insurance Co.*, supra (customer's lost profits and business losses resulting from insured's product design defect not covered); *Temco Metal Products Co. v. St. Paul Fire & Marine Insurance Co.*, 543 P.2d 1, 273 Or. 716 (1975) (money paid in cashing insured's forged checks not covered).

■ Here, the employees' claims were purely economic, and the trial court correctly concluded that they did not constitute damage to, or loss of use of, tangible property. Lamar's argument that federal reserve notes are tangible property is inapposite, as there was no claim that the employees were deprived of any particular, identified bills or coins. *See Travelers Indemnity Co. v. State, supra* (loss of investment represented by an investment certificate not loss of tangible property).

The judgment is affirmed.

BABCOCK and CRISWELL, JJ., concur.