Gunther HOMMEL, Helen Hommel, Roger Anderson, Joanne Anderson, Robert Lennon, Joan Lennon, Fredda Fisher, Paul Timm, Joel Collier, Barbara Allred, Dennis Kenny, Richard Kuehster, Jack Christenson, Bruce Shawcraft, David Archer, Loreen Archer, James Fiedler, James Daily, and Juanita Daily, Plaintiffs–Appellants,

v.

Allen L. GEORGE, Defendant,

and Concerning:

American Family Mutual Insurance Company and Travelers Insurance Company, Garnishees–Appellees.

No. 89CA1085.

Colorado Court of Appeals, Div. I.

Aug. 16, 1990.

Rehearing Denied Sept. 6, 1990.

Certiorari Denied Dec. 17, 1990.

Long & Jaudon, P.C., Robert M. Baldwin, Denver, for plaintiffs-appellants.

Burg & Eldredge, P.C., Peter W. Burg, Tom Van Buskirk, Denver, for garnishee-appellee American Family Mut. Ins. Co.

Norman & Mirabella, Michael J. Mirabella, Lakewood, for garnishee-appellee Travelers Ins. Co.

Opinion by Judge DAVIDSON.

Plaintiffs, individual investors in the Sellers Landing Limited Partnership, appeal the summary judgment entered in favor of garnishees, American Family Mutual Insurance Company and Travelers Insurance Company. We affirm.

Defendant in the underlying case, as a general partner, and investors, as limited partners, formed the Sellers Landing Limited Partnership for the purpose of developing the Sellers Landing Condominium Project. Investors contributed capital, and defendant's company, as general contractor, built the condominiums for ultimate sale.

As part of his agreement with the Partnership, defendant obtained a standard builder's general liability policy for personal injury and negligence claims, first with American Family and then with Travelers. Both policies, in identical language, provided coverage for property damage, defining it, in pertinent part, to include "the loss of use of tangible property which has not been physically injured or destroyed."

Defendant did not sell or complete construction of the units and eventually the project was foreclosed upon. Investors sued defendant for damages consisting of compensation for the unpaid amount of capital contribution to the Partnership and for lost profits. Defendant subsequently confessed judgment, and, in an effort to collect on their judgment, investors served writs of garnishment on the insurers, claiming coverage for their investment losses.

All parties filed motions for summary judgment. The trial court determined that the investors' loss was not included within the coverage provisions of either insurer, granted summary judgment in favor of the insurers, and released the writs of garnishment.

The dispositive issue in this appeal is whether investors' damages are included in coverage for loss of use of tangible property. We hold that such damages are not and, therefore, affirm.

■ Tangible property is that which is capable of being handled, touched, or physically possessed. *Lamar Truck Plaza, Inc. v. Sentry Insurance*, 757 P.2d 1143 (Colo. App.1988). The condominiums foreclosed upon in this case undisputedly can be so characterized.

However, purely economic losses are intangible. *Travelers Indemnity Co. v. State*, 140 Ariz. 194, 680 P.2d 1255 (App. 1984). Thus, while the loss of use of tangible property includes such property which has diminished in value or been made useless irrespective of any physical injury to the property, the phrase does not include mere economic damages in the nature of loss of investments, anticipated profits, and financial interests. *L. Ray Packing Co. v. Commercial Union Insurance Co.*, 469 A.2d 832 (Me.1983).

In accordance with these principles, the trial court concluded that "the loss sustained by these plaintiffs was the loss of their investment and possible profits which [are] not tangible property." Investors argue, however, that they are not claiming economic injury, but consequential damages of injury to tangible property. Specifically, they argue that the condominiums were to be used to generate funds to return their investments and, solely because of defendant's negligence, they lost the "use" of the condominiums. Thus, the lost investments and profits which they suffered resulted from the loss of the use of tangible property. We disagree.

■ First, we do not agree with investors that, by the foreclosure, they lost "use" of the condominiums. Investors neither owned nor occupied the condominium units. In fact, the undisputed evidence in the record is that investors' sole interest in the Sellers Landing Condominium Project is their interest as limited partners in the Partnership.

No partnership agreement to the contrary was included in the record; therefore, each investor's interest consists only of his or her contributions, which ultimately are distributable on the basis of the value of the contribution made by each partner. Section 7–62–504, C.R.S. (1986 Repl.Vol. 3A). Similarly, any profits or losses are allocated on the same basis. Section 7–62–502, C.R.S. (1986 Repl.Vol. 3A). Although the nature of a limited partner's contribution is not necessarily restricted, unless otherwise agreed, any distribution of contributions or profits must be in cash. Section 7–62–605, C.R.S. (1986 Repl.Vol. 3A). Furthermore, the trial court found, and each investor admits, that he or she does not individually hold any fee title interest in any of the condominium units or in the Sellers Landing Project itself.

The cases cited by investors in support of their argument that they have sufficiently alleged a loss of use of tangible property are inapposite. In contrast to the circumstances at issue, the plaintiff in each of those cases owned the injured property and used it directly in its business. *See First Newton National Bank v. General Casualty Co.*, 426 N.W.2d 618 (Iowa 1988) (farm); *Federated Mutual Insurance Co. v. Concrete Units*, 363 N.W.2d 751 (Minn. 1985) (grain silos); *Western Casualty & Surety Co. v. Burdrus*, 112 Wis.2d 348, 332 N.W.2d 837 (Wis.App.1983) (seed); *Guerin Contractors, Inc. v. Bituminous Casualty Corp.*, 636 S.W.2d 638 (Ark.App. 1982) (store).

Because investors here were neither owners nor occupants of the condominiums, they did not lose their property. Moreover, we do not consider that any loss of any ostensible right to have the condominiums sold and the proceeds applied to repay their investments is a loss of use of the condominiums "in any ordinary sense of the word." *See Bank of Montana v. Travelers Insurance Co.*, 870 F.2d 1504 (9th Cir. 1989) (construing policy provisions identical to those here, court rejected plaintiffs' argument that their economic losses which resulted from the loss of their right to claim a security interest in certain property constituted a loss of use of tangible property).

Second, an examination of the investors' underlying complaint belies their contention that they are claiming more than mere economic injury; nowhere in the complaint is there an allegation of damages or injury to the condominiums. Instead, through theories of implied contract, misrepresentation, breach of fiduciary duty, and promissory estoppel, their complaint shows that investors are seeking relief for the loss of use, not of the condominiums, but of their investments and profits, specifically, repay-

ment of their respective capital contributions and lost profits. Also, we note in each investor's responses to discovery, the only damage claimed is "the portion of the investment not returned," and each investor defines the alleged "loss of use" of the Sellers Landing Condominium Project as the "[expectation that] an investment [be] returned from the sale of the project."

Thus, the trial court correctly characterized the injury alleged as injury to the investments, not to the condominiums. *See Lamar Truck Plaza v. Sentry Insurance Co., supra.*

Accordingly, the judgment is affirmed.

PIERCE and SMITH, JJ., concur.