**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

COREGIS INSURANCE COMPANY,
an Indiana corporation,

        Plaintiff-Appellee and
        Cross-Appellant,

v.

LAW OFFICES OF PHILLIP S.
DECARO, P.C., a Colorado
corporation, and PHILLIP S.
DECARO, a Colorado resident,

        Defendants-Appellants
        and Cross-Appellees.

Nos. 99-1200 & 1208
(D.C. No. 97-Z-2426)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **ALLEY**, Senior District Judge.[**]

      Defendants Law Offices of Phillip S. DeCaro, P.C. and Phillip S. DeCaro

(collectively "DeCaro") appeal a summary judgment entered against them in a

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

declaratory judgment action concerning the duty of Plaintiff Coregis Insurance Company ("Coregis") to defend and indemnify DeCaro under a legal malpractice insurance policy. Coregis cross-appeals the district court's denial of a motion for further relief based on the declaratory judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse the grant of summary judgment to Coregis.

## Standard of Review

We review a summary judgment decision de novo, applying the same legal standard used by the district court. *DeBoard v. Sunshine Mining & Ref. Co.*, 208 F.3d 1228, 1237 (10th Cir. 2000); *Penry v. Federal Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998), *cert. denied*, 526 U.S. 1039 (1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## Factual and Procedural Background

Coregis brought suit under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a determination that its insurance policy did not cover claims asserted against DeCaro in a state court action in New Mexico. Coregis claimed that it had no duty to defend or indemnify DeCaro from any of fifteen third-party claims brought by Edmund Healy and Trudy Valerio Healy arising from their

dealings with DeCaro concerning a real estate development. Thirteen of the claims related to DeCaro's actions as a landowner/developer and two related to legal services that DeCaro had provided to Edmund Healy. On Coregis' motion for summary judgment, the district court ruled in Coregis' favor and entered a declaratory judgment that no coverage exists under the policy for any of the Healys' claims. DeCaro does not appeal the district court's decision regarding the landowner/developer claims. DeCaro challenges only the determination that the Healys' malpractice claims are not covered due to "Exclusion E" of the policy.[1]

After Coregis obtained the summary ruling, it moved the district court for further relief under 28 U.S.C. § 2202. Coregis sought reimbursement for defense costs it had expended on DeCaro's behalf in the New Mexico case under a reservation of rights. The district court denied the motion without a hearing because other insurance carriers who remained responsible for providing DeCaro's defense were not parties. The court determined that plaintiff should seek the requested relief in a separate action. Coregis appeals that decision.

The district court entered its summary judgment Order and Declaratory Judgment on October 30, 1998. DeCaro timely filed a motion to alter or amend

---

[1] The nature of the malpractice claims and the relevant policy provisions are described more fully in the discussion below.

the judgment under Fed. R. Civ. P. 59(e).  While the motion was pending, Coregis

filed its motion for § 2202 relief.  Both post-judgment motions, and others filed in

the interim, were denied by a written order issued March 19, 1999.  These appeals

timely followed.

## Discussion

A.    Exclusion of Coverage Under the Policy

Coregis issued a policy of Lawyers Professional Liability Insurance to

DeCaro, a sole legal practitioner and professional corporation in Colorado.  The

policy provided coverage for claims made during the policy period

> by reason of any act, error, omission or personal injury occurring on
> or after [July 12, 1990].  Coverage shall apply to any such claims
> arising out of the conduct of the insured's profession as a Lawyer, or
> as a Lawyer acting in the capacity of an Arbitrator, Mediator, Title
> Insurance Agent or Notary Public.

(Aplt. App. at 252 (emphasis omitted).)  The policy defined the term "personal

injury" to mean "false arrest, detention or imprisonment, wrongful entry or

eviction or other invasion of private occupancy, malicious prosecution, libel,

slander and breach of privacy."  (Aplt. App. at 254.)  Among a list of thirteen

exclusions, the policy provided that it did not apply to:

> E.    any claim for loss of, injury to, or destruction of tangible
>       property or for loss of use thereof.

(Aplt. App. at 255 (emphasis omitted).)

Coregis' summary judgment position, which the district court accepted, was that the language of Exclusion E is unambiguous and that it necessarily excludes a malpractice claim alleging as injury that the client suffered a loss in value of real property. According to the opinion of a Colorado appellate court construing a coverage provision of a general liability policy, "the loss of use of tangible property includes such property that has diminished in value or been made useless irrespective of any physical injury to the property . . . ." *Hommel v. George*, 802 P.2d 1156, 1158 (Colo. Ct. App. 1990).[2] The Healys' two malpractice claims concerned real estate agreements and conveyances that, allegedly due to DeCaro's negligence, failed to provide for ingress to and egress from certain tracts of land owned by the Healys and failed "to reserve or grant such easements as reasonably necessary to provide ingress and egress from" the Healys' land. (Aplt. App. at 221, 223.) Both claims sought damages measured by "the value of the easement, and the reduction in the value of the [tracts] caused by the lack of ingress and egress . . . ." (Aplt. App. at 221-22, 223.) Therefore, in the view of Coregis and the district court, Exclusion E plainly applies to the Healys' claims under *Hommel*. We reach a different conclusion.

We begin by noting Colorado's rules for interpreting insurance policies:

---

[2] The parties agree that Colorado law governs their dispute.

Insurance policies are contracts. . . . General rules of contract interpretation apply; we accord contract terms their plain and ordinary meanings. We should avoid disrupting the parties' settled expectations and the purposes for coverage as expressed or implied in the insurance policy.

An insurance contract must be construed in favor of coverage and against limitations when provisions within the policy conflict with one another or are ambiguous. Exclusionary clauses that insulate certain conduct from coverage must be written in clear and specific language and are to be interpreted against defeat of the coverage.

*Bohrer v. Church Mut. Ins. Co.*, 965 P.2d 1258, 1261-62 (Colo. 1998) (citations omitted). "To benefit from an exclusionary provision in a particular contract of insurance the insurer must establish that the exemption claimed applies in the particular case and that the exclusions are not subject to any other reasonable interpretations." *American Family Mut. Ins. Co. v. Johnson*, 816 P.2d 952, 953 (Colo. 1991); *see Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995).

There is no question that the coverage provision of Coregis' policy encompasses the Healys' malpractice claims against DeCaro. The claims were asserted during the policy period and sought damages for alleged acts or omissions committed by DeCaro while providing legal services to the Healys. To exclude these claims from coverage, Coregis must show that Exclusion E applies to the facts presented. In the trial court, as here, Coregis seeks to do so by asserting that the Healys' alleged injuries on their malpractice claims are "loss of use" of property, namely, diminution in value of their land. (Aplt. App. at 93, 153-56.) This argument, and its heavy reliance on dicta in *Hommel*, is misplaced.

-6-

The holding of *Hommel* was that investors in a failed condominium project had failed to show that their losses of investment capital and profits were covered "property damage" under the builder's general liability policy, which insured "the loss of use of tangible property which has not been physically injured or destroyed." *Hommel*, 802 P.2d at 1157. Although the condominiums (which had been foreclosed upon) were tangible property, the investors did not own or occupy them and thus did not lose use of them; what the investors suffered was a loss of or injury to their investments, that is, mere economic injury. *Id*. at 1158. *See also M.L. Foss, Inc. v. Liberty Mut. Ins. Co*., 885 P.2d 284, 285-86 (Colo. Ct. App. 1994) (claim seeking loss in value of real property caused by nondisclosure of environmental contamination at time of sale alleged only economic damage and not "property damage" covered by comprehensive general liability policy).

While we have not found any Colorado cases directly on point, we find ourselves in agreement with the ruling of an Oregon appellate court in *General Ins. Co. v. Western Am. Dev. Co.*, 603 P.2d 1245 (Or. Ct. App. 1979). There, purchasers of mobile home lots claimed that the insured had misrepresented the nature and extent of an easement along a river front and sued for damages measured by a diminution in the value of their lots. *Id.* at 1246. The court of appeals affirmed a summary judgment ruling that the insurer had no duty to defend or to indemnify its insured against the claims because the purchasers did

not allege "property damage" as defined by the insurance policy. The definition included "loss of use of tangible property which has not been physically injured or destroyed . . . ." *Id*. at 1247. The court concluded, however, that "the purchasers claim only that the property which they bought was worth less than they expected" and that these alleged damages "are not the equivalent to the 'loss of use of tangible property.'" *Id.* at 1247.

Similarly, here, the damages alleged by the Healys are the value of a lost easement and the concomitant reduction in the value of their land. This claim is not one for a loss of use of tangible property for two reasons. First, an easement is not tangible property. "[T]angible property is that which is capable of being handled, touched, or physically possessed." *Lamar Truck Plaza, Inc. v. Sentry Ins.*, 757 P.2d 1143, 1144 (Colo. Ct. App. 1988). In common parlance, an easement is "an interest in land owned by another that entitles its holder to a specific limited use or enjoyment." Webster's Ninth New Collegiate Dictionary 393 (1985). In other words, it is merely an intangible property right. DeCaro's alleged failure to obtain the desired easements for the Healys deprived them of the use of someone else's land and not their own.

Second, the diminution in value of the Healys' land allegedly caused by DeCaro's conduct does not constitute a "loss of use" of the land in the ordinary sense of those words. Nowhere in the Healys' third-party complaint do they

allege that the lack of easements caused them to lose the use of their tracts of land. Instead, the complaint merely seeks damages measured by a difference in the value of the Healys' land with and without the easements. This allegation of economic injury does not compel a conclusion that there was a "loss of use" of their land. Unlike *Hommel*, which opines that the phrase "loss of use of tangible property" in a coverage provision should be broadly construed, the phrase here appears in an exclusionary provision. A reasonable interpretation of an exclusion requires a more restrictive reading, so that a mere diminution in value of property would not rise to the level of a "loss of use" of it. To lose the use of tangible property connotes an inability to employ or apply it or to enjoy the benefit of using it. It does not connote a simple decrease in its monetary worth.

Therefore, we reject the district court's conclusion that Exclusion E plainly applies to exclude the Healy's malpractice claims against DeCaro from coverage under Coregis' insurance policy. For the reasons above stated, we conclude that Coregis did not establish that its claimed exemption fits the particular facts presented and that Exclusion E is not subject to any other reasonable interpretation. Thus, Coregis was not entitled to summary judgment in its favor or to a declaratory judgment that it had no duty to indemnify or defend DeCaro from the Healys' malpractice claims.

B.    Denial of Coregis' Motion for Further Relief

Because we have determined that summary judgment was improperly granted to Coregis and that it was not entitled to the declaratory judgment entered, it also was not entitled to reimbursement of defense costs as further relief based on the judgment. Therefore, its appeal (No. 99-1208) is moot.

Conclusion

Therefore, the declaratory judgment of the United States District Court for the District of Colorado is REVERSED, and the case is remanded for further proceedings consistent with this Order and Judgment.

ENTERED FOR THE COURT

WAYNE E. ALLEY
Senior District Judge