Robert O. Brink, J.
The defendant in the above-entitled action has moved under CPLR 3211 (subd. [a], par. 7) to dismiss from the complaint five causes of action based on allegations of common-law negligence. The causes of action involved have been designated in the complaint as the Second, Fourth, Sixth, Seventh and Eighth causes of action. Two of the causes involve damages for wrongful death of two persons. The other three involve personal injuries of a mother and her two children.
*382 All of the persons killed and injured were occupants of the same car involved in a head-on collision with another motor vehicle. The occupants of the second automobile were two young men, one a passenger and the other the operator, who had left the defendant’s tavern shortly before the accident.
It is the contention of the plaintiffs that the proximate cause of the accident was the negligence of the defendant, his servants and employees in selling the young men alcoholic beverages while they were intoxicated, thereby contributing to their intoxication. It is also alleged that the defendant, his servants and employees knew that the two young men had an automobile as their only means of transportation from defendant’s premises.
The causes of action for negligence are joined in the complaint with causes of action under the so-called Dram Shop Act (General Obligations Law, § 11-101, formerly Civil Rights Law, § 16).
The question presented is the liability for negligence of a vendor of intoxicating beverages for the injurious acts of the vendee after he leaves the premises.
At common law, before the passage of the Dram Shop Act (L. 1873, ch. 646), an action against the tavern owner was generally defeated on the grounds that the serving of the alcohol was not the proximate cause of intoxication (Hayes v. Phelan, 4 Hun 733 [1875]; see, also, Healey v. Cady, 104 Vt. 463 [1932]; Fleckner v. Dionne, 94 Cal. App. 2d 246 [1949]); consumption was the proximate cause of intoxication or that the consequences were not foreseeable (Coy v. Cutting, 138 Kan. 109 [1933]; Seibel v. Leach, 233 Wis. 66 [1939]).
The Dram Shop Act removed these obstacles by imposing a strict liability upon the server of intoxicating beverages. (Bertholf v. O’Reilly, 74 N. Y. 509, 513 [1878], “ The element of care or diligence on the part of the seller * * * does not enter into the question of liability.”) (Moyer v. Lo Jim Cafe, 19 A D 2d 523 [1963] [action not based upon negligence], affd. 14 N Y 2d 792 [1964].) Such strict liability gave a remedy where none had existed. (Volans v. Owen, 74 N. Y. 526 [1878]; Quinlan v. Welch, 141 N. Y. 158 [1894]; Jackson v. Brookins, 5 Hun 530 [1875], main purpose of the statute was to provide a remedy for cases before remediless.) However, the Legislature went much further than to merely cancel the common-law defenses. It provided a cause of action for injury occasioned by the loss of “means of support ” for dependent relatives. It was this aspect of the new law which went far beyond anything known to common law. (Volans v. Owen, supra; Mead v. *383 Stratton, 87 N. Y. 493 [1882]; Westbrook v. Miller, 98 App. Div. 590 [1904].)
Since the passage of the Dram Shop Act, no case in New York has decided the question of whether the common-law restrictions of the mid-19th Century are applicable today. Many cases have discussed the question of the “means of support provision ”. Where the question has arisen concerning the liability of physical injury to a third party off the premises, the question has limited itself to recovery under the statute. (Bator v. Barry, 282 App. Div. 324 [1953]; Playford v. Perich, 2 Misc 2d 170, 174.)
The question arises as to whether the statute, by imposing such strict liability excludes the possibility of an action under common-law negligence. Nothing in the statute purports to do so. Generally the “ existence of a statute does not prevent an action for common-law negligence ” (Prosser, Law of Torts [2d ed., 1953]). Nothing in the case law contradicts this. Dowling v. Stephan (206 Misc. 518 [1954]) merely states that recovery under the statute is exclusively defined by the statute. (See, also, Playford v. Perich, supra.)
While the cause of action against an innkeeper for common-law negligence is not precluded by statute, no New York case has abrogated the doctrines of remoteness and foreseeability. Development has been arrested in New York since 1873.
Recent cases from other States have declared that modern conditions dictate the adaptation of the common law. (Waynick v. Chicago’s Last Dept. Store, 269 F. 2d 322 [1959]; Rappaport v. Nichols, 31 N. J. 188.) This attitude has received favorable comment from law review articles. (See 60 Colum. L. Rev. 554 [1960]; 8 Syracuse L. Rev. 252 [1957].) These cases rejected as simply unreal the distinction that the selling of alcohol is only a remote cause of resulting intoxication while the consumption is the proximate cause. On the question of foreseeabilty, the cases, citing reports of the National Safety Council, modern conditions, drunkenness and driving, and the almost universal use of automobiles, stated that the consequences of serving an intoxicated person who drives an automobile more alcohol, were easily foreseeable to the reasonable person.
At the time of the original enactment of the Dram Shop Act of 1873, the automobile had not been invented and modern highway traffic was a figment of the imagination. The rural inn and small town tavern were patronized by the local citizenry or by travelers in horse-drawn vehicles. Today, the hazards of travel by automobiles on modern highways has *384 become a national problem. The drunken driver is a threat to the safety of many. The responsibility of a tavern keeper for contributing to the intoxication of a patron has long been regulated by statute (Alcoholic Beverage Control Law). It is understandable that early cases did not recognize any duty of an innkeeper to the traveling public because a serious hazard did not exist. Through lack of necessity, this phase of negligence liability did not develop. However, there did exist general common-law rules of negligence liability based on foreseeability and proximate cause. It is a well-established, sound principle of legal philosophy that the common law is not static. Under the skillful interpretation of our courts, it has been adapted to changing times and conditions of our civilization.
Judge Cardozo put it most succinctly when he said: “ a spirit of realism should bring about a harmony between present rules and present needs.” (Cardozo, The Nature of the Judicial Process, pp. 157-158.) This same Judge said more pointedly : ‘ ‘ Precedents drawn from the days of travel by stage coach do not fit the conditions of travel to-day. The principle that the danger must be imminent does not change, but the things subject to the principle do change. They are whatever the needs of life in a developing civilization require them to be.” (MacPherson v. Buick Motor Co., 217 N. Y. 382, 391 [1916].)
This court is unable to take the position that within the framework of the complaint in this action, facts could not be presented to establish foreseeability and proximate cause. The duty of the innkeeper to the public is evidenced by the fact that it is illegal to serve an intoxicated person more alcohol. (Alcoholic Beverage Control Law, § 65.) The purpose of such a statute in imposing such a duty is for the protection of the public. (Waynick v. Chicago’s Last Dept. Store, supra; Schelin v. Goldberg, 188 Pa. Super Ct. 341 [1958]; Prosser, supra.) The question may be asked why is it necessary to sue in negligence when the Dram Shop Act offers a remedy? There are differences between the two actions bearing on the questions of liability and damages. There could be other practical reasons. An injured party should not be restricted to a single remedy, if others are available.
Defendant’s motion should be denied, with $10 motion costs to the plaintiffs.