Stewart P. Hancock, J.
These two interrelated motions for decision arise in separate lawsuits stemming from an automobile accident on June 9, 1973. In the first action plaintiff Yale seeks to recover for injuries suffered when struck by a car driven by the defendant Helmer. It is claimed that Helmer prior to the accident had left Mac’s Restaurant or Tavern (owned and operated by the defendant, Marjorie Jay) in a condition which made him unfit to operate a motor vehicle. The second action is by the restaurant owner Jay against the Aetna Casualty and Surety Company to determine the question of coverage and other rights under the Aetna liability policy insuring the restaurant. The Aetna has disclaimed responsibility for the accident under a *523 clause in the policy excluding coverage for liability arising from the wrongful or illegal sale, service or gift of alcoholic beverages.* The second cause of action in Vale’s complaint against Jay alleges a sale of liquor in violation of the Dram Shop Act (General Obligations Law, § 11-101) and, thus, is squarely within the exclusion clause of the Aetna policy.
In its first-pleaded cause of action, however, the Vale complaint pointedly omits any reference to a sale of liquor or other activity by Jay which would come within the policy exclusion. Instead, liability is based solely on Jay’s failure to fulfill her alleged responsibility as a restaurant operator to ‘ ‘ prohibit or attempt to prohibit ’ ’ Helmer from driving when she ‘ ‘ knew or should have known ” that he was not in a condition to do so safely. A motion to dismiss this cause of action has been made on behalf of defendant Jay pursuant to CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action.
The dismissal motion presents the novel question of whether an operator or owner of a restaurant or bar, aside from common law or statutory liability arising from illegal or improper sale or serving of liquor, can be held responsible to members of the public for failure to keep patrons from driving on the highway when they are apparently not in condition to do so safely. Clearly, the answer to this question will also influence, if not conclusively determine, the resolution of the coverage question and other issues in-the-declaratery judgment action-against the insurance carrier, since the personal injury complaint, absent the first cause of action, would lie entirely within the policy exclusion clause.
We turn then to the question of whether the first cause of action states a valid claim for relief. The courts of New York impose upon hotels, innkeepers, and others in control of premises open to the public, a common-law duty to exercise reasonable care for the protection of guests and patrons on the premises. *524 (Schubart v. Hotel Astor, 168 Misc. 431, affd. 255 App. Div. 1012, affd. 281 N. Y. 597.) This includes the duty to police the premises where necessary to control the conduct of those present and prevent them from injuring others. (De Ryss v. New York Cent. R. R., 275 N. Y. 85; Bartkowiak v. St. Adalbert’s R. C. Church, 40 A D 2d 306; Tyrrell v. Quigley, 186 Misc. 972; Morrissey v. Sheedy, 26 A D 2d 683.) Under appropriate circumstances, the obligation may extend to persons on the adjacent highway or property, who are injured by the conduct of those on the premises. (See, for example, De Ryss v. New York Cent. R. R., supra; De Rosa v. Fordham Univ., 18 A D 2d 1056.)
The instant complaint, however, does not fall under these well-recognized rules. Instead, it is claimed plaintiff was injured on the public highway beyond the premises because of defendant’s failure to fulfill her duty of restraining or prohibiting Helmer, an apparently intoxicated patron, from driving away from the premises. In none of the decisions reviewed has such a duty been recognized either in New York or other jurisdictions.* In this court’s opinion, there is in the common law no such duty incumbent on the tavern keeper — a conclusion, it is submitted, which is supported by practical policy considerations. The impossibility of stating with some degree of precision any useful standards of reasonable conduct for tavern keepers charged with the duty of deciding under what circumstances and how to restrain their customers from driving seems obvious.** One can envision the variety of problems of the tavern keeper faced with the delicate task of restraining an unruly or determined patron (assuming he is physically capable of doing so) without incurring civil or criminal liability for invasion of the customer’s rights.
The plaintiff relies on Berkeley v. Park (47 Misc 2d 381) which held that a person killed or injured on the highway by an intoxicated driver who was served liquor in a tavern has a valid common-law action for negligence against the tavern keeper, in addition to a statutory claim under the Dram ¡Shop Act. The court, in sustaining the independent negligence cause of action, *525 departed from pre-Dram Shop Act decisions which had generally defeated such common-law claims on the grounds of remoteness apd lack of foreseeability or proximate cause. Berkeley, however, is not in point, since the common-law theory pleaded there, unlike the instant complaint, alleged an affirmative act of negligence : improper sale of liquor to an intoxicated person in violation of section 65 of the Alcoholic Beverage Control Law, Such facts could not be pleaded here without bringing the first cause of action squarely within the exclusion clause of the Aetna policy. Whether the reasoning of Berkeley with respect to the doctrines of1 foreseeability, remoteness and proximate cause, should be applied as well to the Vale complaint, which proceeds not on the affirmative act of contributing to the driver’s intoxicated state but rather on the nonperformance of some alleged general duty of restraint, .seems questionable. In any event, nothing in Berkeley suggests that a tavern keeper — in addition to the duties of not supplying liquor to an intoxicated patron and protecting the guests on the premises — must also determine whether each departing guest is an automobile driver and fit or unfit to drive safely and then, if need be, take proper and lawful steps to prevent him from driving. This court, as stated, finds no basis in the law of New York or elsewhere for the imposition of such duty. The first cause of action must, therefore, be dismissed.
The plaintiff is granted 20 days to serve an amended complaint if desired. Decision on the questions of coverage and defendant Jay’s right to separate counsel, raised in the declaratory judgment action, must await the ultimate determination as to whether plaintiff can state a valid claim for relief which successfully avoids the exclusion clause in the Aetna policy. Therefore, decision is reserved on these questions until plaintiff has had an opportunity to replead or to appeal this decision, if so minded.

“EXCLUSIONS

This insurance does not apply:

* * *
(£) to bodily injury or property damage for which the insured or his indemnities may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage
(1) in violation of any statute, ordinance or regulation,
(2) to a minor,
(3) to a person under the influence of alcohol, or
(4) which causes or contributes to the intoxication of any person; ”

 In Moyer v. Lo Jim Cafe (19 A D 2d 523, affd. 14 N Y 2d 792) the Appellate Division held that a tavern owner owes no special duty to a patron to protect him from the results of his own voluntary intoxication. In view of the contributory negligence factor present the decision does not seem helpful. Furthermore, in affirming the Court of Appeals did so solely because of insufficient proof of causation and stated that it was passing on no other question.

 The Vale complaint, it is noted, contains only a general allegation of the defendant’s duty and omits any statement of exactly what, under the circumstances, defendant could or should have done to “ prohibit ” or “ attempt to prohibit ” Helmer from leaving.