Stewart F. Hancock, J.
The motions to be decided in the above-captioned actions are sequels to this court’s decision of July 2, 1974 (78 Misc 2d 522), which dismissed the first cause of action in Vale’s original complaint with leave to replead. Vale has since served an amended complaint. It includes a new allegation of negligence sufficient to cure the defect in the original which had resulted in dismissal for failure to state a cause of action.[1]
*321 Now before the court are two motions: one, on behalf of defendant Jay, to strike certain allegations from the amended Vale complaint on the ground that they are scandalous and prejudicial (CPLR 3024, subd. [b]); the other, by Aetna, as defendant in the Jay declaratory judgment action, for summary judgment.[2] In light of this court’s decision to grant Aetna’s motion for summary judgment, infra, the motion to strike shall be considered withdrawn, without prejudice should defendant Jay by new counsel wish to make this or any other corrective motion directed at the Vale pleadings.
Since Jay’s dram shop statutory liability is clearly excluded from coverage under the Aetna policy,[3] the sole question to be decided on Aetna’s motion for summary judgment is whether the policy covers Vale’s common-law negligence claim against Jay (Berkeley v. Park, 47 Misc 2d 381). The insurer’s duty to defend is broader than its potential duty to pay (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148; Prashker v. United States Guar. Co., 1 N Y 2d 584). If the Vale complaint propounds any theory of liability which the policy does or reasonably might cover, Aetna must defend in the Vale action even if every other theory advanced by Vale is clearly excluded. (Lionel Freedman, Inc. v. Glens Falls Ins. Co., 27 N Y 2d 364; Utica Mut. Ins. Co. v. Cherry, 45 A D 2d 350.) However, where an exclusion clause clearly rules out any possibility of coverage, a court may not ignore the plain meaning of the language and impose upon the insurer a duty to defend which it has unequivocally excluded. (Lionel Freedman, Inc. v. Glens Falls Ins. Co., supra.)
From a fair reading of the Aetna policy and exclusion clause (f) contained therein, it is very clear that any liability claim against Jay would be excluded which:
(1) is asserted against Jay “as a person or organization engaged in the business of * * * selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes * * * and which ’ ’
(2) arises “by reason of the selling, serving or giving of any alcoholic beverage * * * to a person under the influence of alcohol, or * * * which causes or contributes to the intoxication of any person.”
*322 The liability which Vale seeks to impose upon Jay in his amended cause of action for negligence meets both of the above criteria. First, Jay is clearly named as a defendant solely by reason of her status as 11 co-owner and operator of * * * Mac’s Restaurant or Tavern ” who “ operated, conducted and otherwise ran the said business in a negligent and careless manner” (par. 5). As in Berkeley v. Park (47 Misc 2d 381) the fact of the defendant’s status quo tavern keeper is the essential element of the common-law negligence cause of action pleaded.[4]
Second, Vale seeks to hold Jay liable for failing “to stop selling or serving alcoholic beverages to * * * Helmer while he was becoming and after he had become intoxicated (par. 5). This is the only legally sufficient allegation of negligence contained in the amended complaint. The remainder of paragraph 5 is devoted to allegations of nonfeasance on the part of Jay (failing to advise Helmer that he was intoxicated; failing to dissuade him from departing the premises; failing to warn him that if he did so she would call the police; failing to call the police when he drove away). These allegations merely restate and amplify the original Vale claim of negligence, which this court dismissed for failure to state a cause of action. See decision of July 2, 1974 (78 Misc 2d 522). They are of no legal significance. Even if proved at trial, such allegations could not possibly form a basis for liability and thus will be disregarded as surplusage.
Vale’s allegation that Jay was negligent in failing “ to stop selling or serving alcoholic beverages ” to Helmer brings the amended negligence cause of action within the exclusion clause of the Aetna policy. There is no ambiguity in the language, either in the policy or the amended complaint, and no other interpretation of the exclusion can reasonably be made. If the exclusion clause of Jay’s Aetna policy has any application, it is in the instant case.
■Since both causes of action alleged in Vale’s complaint against Jay are excluded from coverage, Aetna- is entitled to summary judgment. Where, as here, it can be determined “ that no basis for recovery within the coverage of the policy is stated in the complaint * * * [the court] may sustain defendant’s refusal to defend ” (Lionel Freedmam, Inc. v. Glens Falls Ins. Co., 27 NY 2d 364, 368; International Paper Co. v. Continental *323 Cas. Co., 42 A D 2d 938; Sturges Mfg. Co. v. Utica Mut. Ins. Co., 75 Misc 2d 416).
Aetna’s motion for summary judgment is granted. The counsel furnished by Aetna on behalf of Jay may withdraw, and Jay may obtain counsel of her choice to defend in the Vale action. Trial of Vale v. Yawarshi is hereby stayed, as is substitution of attorneys for defendant Jay, pending any appeal which may be taken from the judgment based on this decision.

. In its earlier decision (78 Misc 2d 522), this court held that a tavern keeper (such as Jay) owes no common-law duty to the general public to restrain intoxicated patrons from driving off the premises and that, absent an allegation that a tavern keeper contributed to the intoxication of the departing driver by the sale, service or distribution of liquor, the complaint failed to allege breach of a legal duty to a person injured by that driver and therefore stated no cause of action in negligence. In paragraph 5 of the amended Vale complaint it is now alleged, inter alia, that defendant Jay was negligent in that she “failed to stop selling or serving alcoholic beverages to said Bradford J. Helmer while he was becoming and after he had become intoxicated.” This allegation brings the amended complaint within the ambit of Berkeley v. Park (47 Misc 2d 381) and states a cause of action for common-law negligence.

. In her action against Aetna, Jay seeks a declaratory judgment to compel Aetna to defend in the Yale action and to provide Jay with independent counsel of her choice. Aetna disclaims liability and refuses to defend.

. Counsel for defendant Jay concedes that Vale’s claim under the Dram Shop Act (General Obligations Law, § 11-101) falls within the exclusion clause of the Aetna policy.

. The court in Berkeley made it clear that it was the special duty of an innkeeper to the general public which formed the basis for this cause of action (47 Misc 2d 381, 384). (See, also, Rappaport v. Nichols, 31 N. J. 188 [dictum].)