■ MICHAEL A. ODELL, Respondent, v CHARLES DALRYMPLE, Individually and as Superintendent of Highways of Town of Eden, et al., Appellants.—Order unanimously reversed on the law without costs and plaintiff's motion denied. Memorandum: The court erred in granting plaintiff's motion to amend his complaint to add a derivative claim on behalf of his wife. The tort claims are time barred because plaintiff's wife was not a party to the action as commenced and the pleadings failed to give defendants notice that she would be asserting a claim (CPLR 203 [e]; *see, Kettle v Sweet Home Cent. School Dist.*, 152 AD2d 956). With respect to the breach of contract claims, a derivative cause of action does not lie; claims for loss of consortium arise from tortious conduct *(see, Gimenez v Great*

*Atl. & Pac. Tea Co.,* 264 NY 390, 393-394; 46 NY Jur 2d, Domestic Relations, § 248). On the record before us, there is no merit to plaintiff's contention that the derivative claim should be allowed against defendant Dalrymple to the extent that plaintiff has sued him in his individual capacity. Neither plaintiff's complaint nor the proposed derivative claim set forth a claim against defendant Dalrymple individually. (Appeal from order of Supreme Court, Erie County, Wolfgang, J. —amend complaint.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.