Randolph B. **PERRIN** and **Marlena Middleton**, Plaintiffs,

v.

**HILTON INTERNATIONAL, INC.** and **the New York Vista**, Defendants.

**No. 91 Civ. 2615 (SWK).**

United States District Court, S.D. New York.

July 7, 1992.

**298**

Lisa L. George by Lisa L. George, Brooklyn, N.Y., for plaintiffs.

McMahon, Martine & Merritt by William D. Gallagher, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

In this diversity action arising from defendants' alleged failure to properly register one of their hotel's guests, defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiffs' negligence and consortium claims. Plaintiffs oppose the motion.

### BACKGROUND [1]

Plaintiff Marlena Middleton ("Middleton") and her husband, plaintiff Randolph B. Perrin ("Perrin"), reside in Maryland. On January 24, 1991, Middleton registered as a guest at the Vista hotel ("Vista") in New York City. Complaint, at ¶ 14. Perrin telephoned the Vista at least eight times between 7:00 P.M., January 24th, and 2:35 A.M., January 25th, on each occasion requesting to speak to his wife. Complaint, at ¶ 26. The complaint alleges that, due to an error by the Vista's employees, Perrin was incorrectly informed that his wife had not registered as a guest. Complaint, at ¶ 19. Perrin repeatedly requested that the Vista check its registration lists both by computer and manually. Complaint, at ¶ 22. The Vista insisted on each occasion that its computer and manual search confirmed that Middleton had not registered. Complaint, at ¶¶ 22, 34. Additionally, according to the complaint, "the language and tone of defendants became more abusive, hostile, and belligerent and in reckless disregard for [Perrin's] concerns and sensibilities." Complaint, at ¶ 24.

Perrin proceeded to telephone the New York City police and the New York City Emergency Medical Service ("EMS") in an attempt to locate his wife. Complaint, at ¶¶ 27, 31. An EMS employee informed Perrin that EMS had picked up two women fitting the description of his wife. Complaint, at ¶ 32. Both women had been murdered and one had also been raped. *Id.* Perrin then called the Vista again, and the manager confirmed that Middleton had not registered. Complaint, at ¶ 34. Consequently, Perrin decided to travel to New York to investigate. Complaint, at ¶ 37. Just before travelling to New York, however, Perrin learned from the Vista that it had located his wife. Complaint, at ¶ 38. Plaintiffs contend that the hotel manager subsequently admitted that defendants could not locate Middleton because the Vista had inadvertently misspelled Middleton's name in the computer. Complaint, at ¶ 43.

As a result of the foregoing, Perrin seeks to recover for *negligent infliction of emotional distress* (First Claim for Relief), intentional infliction of emotional distress (Second Claim for Relief),[2] and loss of consortium (Third Claim for Relief). Middle-

---

1. The facts are taken from the complaint and, for the purposes of this motion, are presumed true. *See Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991) (citing *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964)).

2. Although Perrin does not expressly claim damages for intentional infliction of emotional distress, the complaint contains various allegations which indicate that Perrin is seeking recovery under this claim as well. Complaint, at ¶¶ 61–66.

ton seeks recovery for negligent infliction of emotional distress (Fourth Claim for Relief), loss of consortium (Fifth Claim for Relief), and breach of contract (Sixth Claim for Relief). Defendants now move for an order dismissing the complaint's five tort claims. Defendants argue that the complaint's negligence claims fail to state a claim upon which relief can be granted because New York law does not permit recovery for emotional injuries absent accompanying physical harm unless the plaintiff is actually within the "zone of danger." Defendants also argue that Perrin fails to plead facts sufficient to establish a claim for intentional infliction of emotional distress. Finally, defendants argue that the complaint's consortium claims should be dismissed because such claims may not be predicated upon Middleton's contract claim.

## DISCUSSION

### I. STANDARD FOR MOTION TO DISMISS

■ In considering a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be read generously and every inference drawn in plaintiff's favor. *Pross v. Katz*, 784 F.2d 455, 457 (2d Cir.1986); *Metzner v. D.H. Blair & Co.*, 663 F.Supp. 716, 719 (S.D.N.Y.1987). A complaint should be dismissed only if it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Frasier v. General Elec. Co.*, 930 F.2d at 1007 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

### II. STANDARD FOR ESTABLISHING A NEGLIGENCE CLAIM

■ In order to establish a cause of action for negligence, a plaintiff must show (i) the existence of a duty flowing from defendant to plaintiff; (ii) a breach of this duty; (iii) a reasonably close causal connection between the breach and the resulting injury; and (iv) loss, harm, or damage. *Febash v. Elcejay Inn Corp.*, 157 A.D.2d 102, 104, 555 N.Y.S.2d 46, 47 (1st Dept.1990)

(citing *Prosser and Keeton on the Law of Torts* § 30, at 164–65 (5th ed. 1984)).

### III. PLAINTIFFS' NEGLIGENCE CLAIMS

#### A. Perrin's Negligence Claim

##### 1. *Duty/Breach of Duty*

■ Although it is unclear whether defendants owed a duty to Perrin on account of his status as the spouse of their hotel guest, Middleton, there is no doubt that a duty arose when defendants undertook to locate Middleton in the hotel registry. *See Nelson v. Schultz*, 170 Misc. 681, 11 N.Y.S.2d 184 (Sup.Ct.1939) (defendant homeowner owed a duty to plaintiff who walked passed his front yard after defendant undertook to shovel away snow and ice and did so negligently). Moreover, the complaint alleges that Vista employees were malfeasant when they erroneously informed Perrin that his wife had never checked in. Thus, Perrin alleges facts which, if true, support the claim that defendants breached their duty to exercise reasonable care in conveying accurate information to Perrin concerning the whereabouts of his wife.

##### 2. *Proximate Cause*

■ It is well-established that a defendant may be held liable only for damage which he proximately causes. *Becker v. Schwartz*, 46 N.Y.2d 401, 410, 413 N.Y.S.2d 895, 899, 386 N.E.2d 807, 811 (1978); *Koester v. State*, 90 A.D.2d 357, 361, 457 N.Y.S.2d 655, 658 (4th Dept.1982). A defendant's conduct is the proximate cause of an injury if the injury is foreseeable at the time of the conduct. *Bonsignore v. City of New York*, 683 F.2d 635, 637 (2d Cir.1982); *Taieb v. Hilton Hotels Corp.*, 131 A.D.2d 257, 262, 520 N.Y.S.2d 776, 779 (1st Dept. 1987). In actions involving emotional distress, the emotional injury must be the direct, and not consequential, result of the defendant's conduct. *Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 506, 462 N.Y.S.2d 421, 424, 448 N.E.2d 1332, 1335 (1983). Although questions of proximate cause are normally questions of fact, a court may decide that a reasonable jury can reach

only one conclusion, and decide the issue as a matter of law. *Margrave v. British Airways*, 643 F.Supp. 510, 513 (S.D.N.Y.1986) (citing *Kroon v. Beech Aircraft Corp.*, 628 F.2d 891, 893 (5th Cir.1980)).

■ The complaint alleges that the Vista's error in informing Perrin about his wife's failure to check into the Vista was the proximate cause of his emotional distress, and that the Vista's failure to exercise reasonable care in searching their registration records directly caused Perrin's suffering. The Court agrees that the Vista's error was the proximate cause of Perrin's injury. The Vista's employees repeatedly gave Perrin incorrect information which is alleged to have directly resulted in his emotional suffering. Finally, it was foreseeable that this repeated error could cause severe emotional distress as a reasonable person should have expected that Perrin would suffer emotional harm under such circumstances.

### 3. *Damages*

■ Defendants contend that Perrin cannot recover on his negligence claim as New York law permits recovery for negligent infliction of emotional distress only when the plaintiff is actually within the zone of danger.[3] The Court disagrees.

■ Under New York law, a plaintiff may recover for emotional distress in the absence of direct physical injury provided that the defendant who caused the harm breached a duty owed directly to the plaintiff. *See Kennedy*, 58 N.Y.2d at 504–05, 462 N.Y.S.2d at 423, 448 N.E.2d at 1334; *Battalla v. State*, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729 (1961). As the New York Court of Appeals held in *Battalla*, recovery for fright-induced emotional harm should be permitted because "[i]t is fundamental to our common-law system that one may seek redress for every substantial wrong." 10 N.Y.2d at 240, 219 N.Y.S.2d at 36, 176 N.E.2d at 730. Similar-

ly, in *Johnson v. State*, 37 N.Y.2d 378, 372 N.Y.S.2d 638, 334 N.E.2d 590 (1975), the Court of Appeals permitted recovery for emotional distress resulting from defendant's negligence in erroneously informing plaintiff that her mother had died. *See also Martell v. St. Charles Hosp.*, 137 Misc.2d 980, 523 N.Y.S.2d 342 (N.Y.Sup.Ct. 1987) (plaintiff who alleged emotional distress arising from physicians' negligent diagnosis stated a viable cause of action).

■ Here, Perrin's claim rests on a duty of reasonable care owed directly to him (arising when the Vista undertook to locate Middleton and allegedly supplied erroneous information about her, *see* Complaint, at ¶¶ 19, 21, 22, 24, 34) and does not arise as a result of having witnessed an injury caused by a party owing no direct duty to him. Consequently, Perrin states a viable claim for damages. *See Kennedy*, 58 N.Y.2d at 504–05, 462 N.Y.S.2d at 423, 448 N.E.2d at 1334; *Battalla*, 10 N.Y.2d at 242, 219 N.Y.S.2d at 38, 176 N.E.2d at 731–32.

Defendant's reliance upon *Bovsun v. Sanperi*, 61 N.Y.2d 219, 473 N.Y.S.2d 357, 461 N.E.2d 843, is misplaced. In *Bovsun*, the New York Court of Appeals addressed the issue of whether a plaintiff could recover for emotional injuries sustained as a result of witnessing physical injury inflicted upon an immediate family member. The Court held that a bystander, to whom defendant owed no direct duty, could recover for emotional injuries absent accompanying physical injury only if she was in the zone of danger. *See also Kennedy*, 58 N.Y.2d at 504–05, 462 N.Y.S.2d at 423, 448 N.E.2d at 1334 (dentist denied recovery for emotional injuries against dental equipment manufacturer whose negligence caused dentist accidentally to kill patient). The instant case, unlike *Bovsun*, is not a zone of danger case as Perrin's claim is based not on injury sustained as a result of witnessing an injury to a third-party, but upon

---

**3.** The phrase "zone of danger" is used to describe instances in which a plaintiff, who is threatened with imminent bodily harm in consequence of the defendant's negligence, is permitted recovery for emotional distress resulting

from witnessing the death or serious physical injury of an immediate family member. *Bovsun v. Sanperi*, 61 N.Y.2d 219, 228, 473 N.Y.S.2d 357, 361, 461 N.E.2d 843, 847 (1984).

breach of a duty owed directly to him by the Vista.

Defendants' reliance upon *Johnson v. Jamaica Hospital,* 62 N.Y.2d 523, 478 N.Y.S.2d 838, 467 N.E.2d 502 (1984), is similarly misplaced. In *Jamaica Hospital,* the New York Court of Appeals held that the parents of a newborn infant abducted from a hospital nursery may not recover for their own emotional distress resulting from the hospital's negligence in the care of the infant or in the management of its nursery. In so holding, however, the Court of Appeals merely held that a plaintiff, *to whom no direct duty is owed,* may not recover for emotional distress. *Jamaica Hospital,* 62 N.Y.2d at 528–30, 478 N.Y.S.2d at 840–41, 467 N.E.2d at 504–05. This decision left intact the rule that a defendant who owes a duty directly to a plaintiff will be held liable for the emotional distress which he proximately causes. *See Johnson v. State,* 37 N.Y.2d at 383, 372 N.Y.S.2d at 643, 334 N.E.2d at 593 (breach of duty to transmit truthful information about a relative's death or funeral actionable).

Accordingly, the Court holds that the complaint contains allegations sufficient to state a claim for negligent infliction of emotional distress. Consequently, defendants' motion to dismiss Perrin's negligence claim is denied.

### B. Middleton's Negligence Claim

Middleton similarly claims that defendants are liable for negligent infliction of emotional distress. According to the complaint, Middleton suffered outrage, extreme mental anguish, severe anxiety, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life, as a result of a breach of duty owed to her as a Vista guest. Complaint, at ¶ 52.

The common law has consistently imposed a duty upon innkeepers to exercise reasonable care for the protection of guests and patrons. *See, e.g., Vale v. Yawarski,* 78 Misc.2d 522, 523–24, 357 N.Y.S.2d 791, 793 (Sup.Ct.1974) (innkeepers must exercise reasonable care to protect patrons on the premises). However, as a defendant is liable only for injuries which he proximately causes, *see supra* p. 299, an innkeeper will not be held responsible for every consequence, no matter how remote, of its failure properly to register a guest. *See Vale,* 78 Misc.2d at 523–24, 357 N.Y.S.2d at 793.

In the present case, Middleton's emotional distress was not foreseeable as a matter of law and was merely a consequential result of the Vista's conduct. There is no question that defendants owed a duty to Middleton as soon as she arrived at the Vista. This duty, however, did not extend to ensuring that she was not emotionally harmed as a result of emotional distress suffered by a third party seeking to locate her there. Defendants could not be expected to foresee that the emotional distress suffered by Perrin would have an impact on Middleton. Additionally, as in *Kennedy, supra,* any injury to Middleton was not a direct, but merely a consequential result of defendants' conduct. Since Middleton's injury was not proximately caused by defendants' negligence as a matter of law, defendants' motion to dismiss Middleton's negligent infliction of emotional distress claim is granted.

### IV. PERRIN'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Perrin also seeks to recover for intentional infliction of emotional distress ("IIED"). The complaint alleges that defendants "engaged in extreme and outrageous conduct through their acts and omissions and abusive, belligerent and hostile conduct toward Mr. Perrin." Complaint, at ¶ 61.

The law governing IIED claims in New York is well-settled. An action for IIED may lie "for conduct exceeding all bounds usually tolerated by decent society." *Fischer v. Maloney,* 43 N.Y.2d 553, 557, 402 N.Y.S.2d 991, 992, 373 N.E.2d 1215, 1217 (1978) (quoting *Prosser on Torts* § 12, at 56 (4th ed. 1971)). The plaintiff must show that the defendant either intentionally or recklessly caused the plaintiff's emotional suffering. *Freihofer v. Hearst Corp.,* 65 N.Y.2d 135, 143, 490 N.Y.S.2d

735, 741, 480 N.E.2d 349, 355 (1985); *Fischer*, 43 N.Y.2d at 557, 402 N.Y.S.2d at 992–93, 373 N.E.2d at 1217. This rule is adopted from the Second Restatement of Torts which provides: "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46 subd. [1] cmt. d. (1977).

 Applying the law of IIED to the present case, plaintiff fails to meet the required standard. Although defendants' inability to locate Middleton on the Vista's registration list was arguably negligent, there is no allegation in the complaint that would permit a reasonable jury to find that defendants' conduct was "beyond all possible bounds of decency" or "atrocious and utterly intolerable in a civilized community." *See Fischer*, 43 N.Y.2d at 557, 402 N.Y.S.2d at 992, 373 N.E.2d at 1217.

## V. CONSORTIUM CLAIMS

Loss of consortium is a derivative claim and is based on an injury suffered by the claimant's spouse. *Liff v. Schildkrout*, 49 N.Y.2d 622, 632, 427 N.Y.S.2d 746, 749, 404 N.E.2d 1288, 1291 (1980) (citing *Millington v. Southeastern Elevator Co.*, 22 N.Y.2d 498, 507–08, 293 N.Y.S.2d 305, 312–13, 239 N.E.2d 897, 903 (1968)). Since the Court has denied defendants' motion to dismiss Perrin's negligence claim, Middleton's cause of action for loss of consortium survives as a derivative of this claim.

Perrin, however, may not maintain his claim for loss of consortium. As a claim for loss of consortium cannot be derived from a spouse's breach of contract claim, *see Odell v. Dalrymple*, 156 A.D.2d 967, 549 N.Y.S.2d 260 (4th Dept.1989), the dismissal of Middleton's only tort claim precludes Perrin's claim for loss of consortium.

## CONCLUSION

For the reasons set forth above, defendants' motion is granted in part and denied in part. Specifically, defendants' motion,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiff Middleton's claim for negligent infliction of emotional distress (Fourth Claim for Relief), plaintiff Perrin's claims for loss of consortium (Third Claim for Relief) and intentional infliction of emotional distress (Second Claim for Relief), is granted, and those claims are hereby dismissed with prejudice. Defendants' motion to dismiss plaintiff Perrin's claim for negligent infliction of emotional distress (First Claim for Relief) and plaintiff Middleton's claim for loss of consortium (Fifth Claim for Relief) is denied. Defendants shall interpose an answer to the complaint within twenty days of the date of this Memorandum Opinion and Order.

SO ORDERED.