**Thomas PACKER, Plaintiff,**

v.

**SKID ROE, INC., Skid Roe, Inc. d/b/a Bee Geez, J & J Real Estate Management Corp., J & J Real Estate Management Corp. d/b/a Wurtsboro Hotel, Wurtsboro Hotel, Mary Goodman, Theodore Riecker and Daniel C. Mead a/k/a "Curt" Mead, Defendants.**

**No. 94 Civ. 4023 (WCC).**

United States District Court,
S.D. New York.

Sept. 4, 1996.

Ferraro Zugibe & Albrecht (Arthur J. Ferraro, of counsel), Garnerville, NY, for Plaintiff.

Law Offices of Frank J. Labuda (Frank J. Labuda, of counsel), Wurtsboro, NY, for Defendants Skid Roe, Inc. and Skid Roe, Inc. d/b/a Bee Geez.

Gladstein & Isaac (Michael E. Stern, Howard R. Brandwein, of counsel), New York City for Defendant Theodore Riecker.

Law Offices of Gary Greenwald (Les Levine, of counsel), Goshen, NY, for Defendant Daniel C. Mead a/k/a "Curt" Mead.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This diversity action arises out of an altercation that occurred on June 6, 1993, at a bar called Bee Geez, which is located in the Wurtsboro Hotel in Wurtsboro, New York. Plaintiff Thomas Packer alleges that he was injured in the altercation and seeks to recover damages for his injuries. Defendant Theodore Riecker has made a motion, pursuant to Fed.R.Civ.P. 56, for summary judgment dismissing the claims and cross-claims that have been asserted against him. For the reasons set forth below, Riecker's motion is granted in part and denied in part.

### BACKGROUND

The following facts are undisputed unless otherwise noted.[1] Around 5 p.m. on June 6, 1993, plaintiff and three companions—Al Kaiser, Ron Kaiser and William Bush—arrived at Bee Geez and took seats at the end of the bar near a side door. Approximately an hour and a half later, a number of people entered the bar, including defendants Riecker and Daniel C. Mead and their wives. Riecker's party occupied a portion of the bar near the front door some distance away from

---

1. None of the parties has submitted the statement of facts required under Local Rule 3(g). Nevertheless, in the interests of efficiency, this court will overlook this failure, as it is a relatively simple matter to discern from the motion papers filed by the parties which facts are in dispute in this case.

plaintiff's party. All of the men were drinking. According to Riecker and Mead, their wives informed them that plaintiff and his companions had made offensive comments to the two women. Plaintiff asserts that he made no such comments and did not hear his friends make any offensive remarks.

According to plaintiff, Riecker, who was slurring his words, approached Bush, made some remarks to Bush in a threatening tone of voice and grabbed Bush by his shirt. Plaintiff asserts that Riecker's companions pulled Riecker away from Bush. Riecker does not recall any such confrontation. The parties agree that at some point, defendant Mead walked over to speak with plaintiff. Plaintiff asserts that Mead warned him to leave the bar or there would be trouble; Mead contends that he told plaintiff to leave the bar because plaintiff had been rude to his wife.

Shortly thereafter, defendant Riecker and Bush got into a scuffle. According to plaintiff, Riecker rushed at Bush and knocked Bush and Al Kaiser off of their bar stools onto the floor. The three men then struggled with one another as they attempted to regain their footing. According to Riecker, he confronted Bush, grabbed him by the shirt and both men fell to the floor. He has no recollection of Al Kaiser also being on the floor.

According to Mead, one of his companions informed him that a fight was going on, and he went to the other end of the bar to break it up. He asserts that he saw Riecker on the ground, Bush on top of Riecker, and plaintiff and another individual kicking Riecker. Mead maintains that he pulled Bush off of Riecker and then someone grabbed his arm and spun him around. He asserts that he struck that person in the face as a reflexive response. Mead later learned that the person that he struck was plaintiff. Plaintiff states, by contrast, that he was observing the men on the floor from approximately three to five feet away and that his arms were at his sides when Mead struck him in the face. Plaintiff alleges that as a result of the blow, he sustained substantial injuries to his face, including a broken nose, a broken jaw and damage to the tear ducts of one eye.

On May 31, 1994, plaintiff filed this action. Subsequently, plaintiff voluntarily dismissed his claims against defendants J & J Real Estate Corporation, d/b/a Wurtsboro Hotel, and Wurtsboro Hotel. Defendant Mary Goodman, the bartender, failed to appear in this action, and this court entered default judgment against her on the issue of liability.

Plaintiff has brought two tort claims against Riecker: plaintiff's fifth claim for relief alleges that Riecker assaulted plaintiff and plaintiff's sixth claim for relief alleges that Riecker's negligence caused plaintiff's injuries. Each of the remaining co-defendants has asserted one or more cross-claims against Riecker based on the possibility that he may be found liable for negligence. Riecker has moved for summary judgment dismissing all of the claims and cross-claims against him.

## DISCUSSION

Summary judgment should be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law...." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). No genuine issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. *See id.*, at 248–49, 106 S.Ct. at 2510–11.

■ In order for plaintiff to prevail on his claim for the intentional tort of assault, he must establish that Riecker intentionally touched him in an offensive way. *Cf. Mazzaferro v. Albany Motel Enters., Inc.*, 127 A.D.2d 374, 515 N.Y.S.2d 631, 632 (App.Div. 1987). While the parties disagree about many aspects of the events that occurred in Bee Geez during the evening of June 6, 1993, they agree that Riecker did not strike plaintiff. Riecker is therefore entitled to summary judgment dismissing plaintiff's assault claim.

■ Riecker is not, however, entitled to summary judgment dismissing plaintiff's

negligence claim. In order to prevail on his negligence claim, plaintiff must establish: "(i) the existence of a duty flowing from defendant to plaintiff; (ii) a breach of this duty; (iii) a reasonably close causal connection between the breach and the resulting injury; and (iv) loss, harm or damage." *Perrin v. Hilton Int'l, Inc.,* 797 F.Supp. 296, 299 (S.D.N.Y.1992). Riecker argues that his actions were not the proximate cause of plaintiff's injuries because Mead acted independently in striking plaintiff and Mead's action superseded any negligent acts by Riecker as the cause of plaintiff's injuries. Plaintiff counters that Riecker's actions precipitated the altercation in which plaintiff was injured and were therefore a substantial factor in causing plaintiff's injuries. Plaintiff also argues that his injuries were a reasonably foreseeable result of Riecker's actions. Plaintiff contends that Riecker may therefore be held liable for the damage to plaintiff.

■ Issues of proximate cause are normally questions of fact for the jury to decide, unless the court concludes that a reasonable jury could reach only one conclusion. *See id.,* at 299–300; *see also Hassanein v. Avianca Airlines,* 872 F.Supp. 1183, 1189 (E.D.N.Y.1995). In this case, genuine questions of fact exist concerning Riecker's behavior in Bee Geez on the evening of June 6, 1993. Depending upon how the jury resolves those disputed issues, it could reasonably conclude that Riecker proximately caused plaintiff's injuries by precipitating a fight in which those injuries occurred. Riecker's motion for summary judgment dismissing plaintiff's negligence claim must therefore be denied. Consequently, we must also deny Riecker's motion for summary judgment dismissing the cross-claims asserted against him by the remaining co-defendants.

## CONCLUSION

For the foregoing reasons, defendant Riecker's summary judgment motion is granted in part and denied in part. Plaintiff's fifth claim for relief is dismissed.

SO ORDERED.